No. 22,662.

ROSALIE MAZEFFE, *Appellant*, v. THE KANSAS CITY TERMINAL RAILWAY COMPANY, *Appellee*.

#### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury to Servant—Injury Did Not Arise Out of and in Course of Employment.* A terminal railway company was en-gaged in constructing an embankment on which to lay a railroad, and a workman employed by the company in making the embankment was killed while crawling under a car in the yards of another company, at a distance of about three hundred and fifty feet from his place of work. He had choice of several routes of travel in order to reach his work. Although the workmen and others frequently crossed the yards in which he was killed, in going to and from their work, no right of in-gress or egress over them had been given to the terminal company, and that company had no interest in or control over the yards. *Held,* that the accident to the workman occurred while he was on his way to assume the duties of his employment, and that his injury and death did not arise out of and in the course of his employment.

Appeal from Wyandotte district court, division No. 3; WIL-LIAM H. McCAMISH, judge. Opinion filed May 8, 1920. Af-firmed.

*L. W. Keplinger, C. W. Trickett,* both of Kansas City, and *W. W. McCanless,* of Kansas City, Mo., for the appellant.

*O. L. Miller,* of Kansas City, *S. W. Moore,* and *John M. Lathrop,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action defendant sought a recovery for the death of her husband, Joseph Mazeffe, under the workmen's compensation law. He was an employee of the Kansas City Terminal Railway Company and was killed on his way to the place of work, and before he had reached the premises of the defendant. The court held that the accident which resulted in the death of the employee did not arise out of and in the course of his employment, and from that ruling plaintiff appeals.

Only the findings of the court have been brought into the record, and upon them plaintiff insists that she was entitled to judgment. A brief abstract of the material findings will be stated. The defendant is a railway company organized for the purpose of providing terminal facilities for a large number of railroads entering and operating in Kansas City, including that of the Union Pacific Railroad Company. The stock of the defendant company is owned by the railroad companies for which the terminal facilities are provided, but it is a separate entity, and it does not own any right or interest in these railway companies. At the time of the accident it was engaged in constructing an embankment up to the edge of the Union Pacific yards and an elevated structure which extends several hundred feet across the Union Pacific tracks and on several miles to the union station in Missouri. The deceased employee was engaged in making the fill or embankment which reached to an abuttment on the edge of the Union Pacific yards and had nothing to do with the elevated structure over the yards. The defendant had purchased outright from the Union Pacific Railroad Company an easement for the structure across its yards, but no part of its yard or tracks was included in the defendant's terminal facilities, nor was the defendant given any right in the yard or tracks of the Union Pacific Railroad Company. There was no provision in the grant of an easement to the defendant, or in the operating agreement that the Union Pacific Railroad Company should furnish the defendant any trackage or way of ingress or egress in the building of its line and struc-

ture. On the morning of the accident Mazeffe was found dead on a switch track of the Union Pacific Railroad Company, about 350 to 400 feet south of his place of work, and about 80 or 90 feet west of the elevated structure that was under construction. There was no eyewitness of the accident, but upon the circumstances it was found that he was on his way to work and was killed while crawling under a car of the Union Pacific Railroad Company. The distance directly from his home across the Union Pacific yards was 2,200 feet, and the route taken on the day of the accident was about seven-eighths of a mile long. While there were notices in these yards warning the public against trespassing on the railroad property, many workmen passed over the yards without interference. Mazeffe and other workmen employed on the fill were free to choose their own way of going to and from the place of work. There were two other routes Mazeffe might have chosen in going to his work that would have involved less danger. One was a distance of about one and one-half miles, and the other about two miles, but any way he might have chosen involved the crossing of one or more tracks. To go across the shortest way, which was the one chosen on the morning of the accident, it was necessary for him to cross a large number of tracks, and to get around cars stored and moving in the yards, it was usually necessary to go an increased distance, but it was never necessary to crawl under the cars.

The finding of the trial court that the injury and death of Mazeffe did not arise out of and in the course of his employment, must be sustained. He met his death not at the place of work nor on the premises of the defendant nor yet at a place which was under his employer's control or subject to its direction, but while he was on his way to work and on the premises of another. A recent statute provides that:

"The words 'arising out of and in the course of employment' as used in this act shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence." (Laws 1917, ch. 226, § 2.)

Difficulty has been found in some cases in determining whether injuries for which compensation was asked arose out of and in the course of employment, but the statute cited makes

Mazeffe v. Railway Co.

it clear that an injury does not come within its application if it was sustained while the employee was on his way to assume the duties of his employment. The application of that rule eliminates debatable questions that have arisen under other statutes as to whether the accident happened within the locality or danger zone of employment, and therefore little is left for decision in the case. The accident did not occur while the employee was in the performance of any duty within his employment, nor at a place that was under the control of his employer. It was not necessary to a liability that he should have had the tool in his hand and engaged at work when the accident occurred, but it is essential that the relationship of master and servant continued to exist, and that he was within the control and subject to the orders of the defendant. (*Sedlock v. Mining Co.,* 98 Kan. 680, 159 Pac. 9.) It has been held that a miner was not within the application of the act while he was going upon an errand of his employer from one mine to another which were only a quarter of a mile apart, and was fatally injured while crossing an interurban track that ran between the mines. It was there concluded that the accident did not occur in such close proximity to the mine as to be within the danger zone necessarily created by the hazards of the work, and that he was not within the compensation act, although he was carrying a message for his employer from one mine to the other. (*Bevard v. Coal Co.,* 101 Kan. 207, 165 Pac. 657.)

Here the employee was not in any sense doing anything that fell within his employment and was not acting under the direction of the employer when he was injured. He was a considerable distance from his place of work and upon the premises of the Union Pacific Railroad Company. As we have seen, that company had nothing to do with the work on which the employee was engaged, and there was no agreement that defendant or its employees should have ingress or egress to or over the yard of that company. While it was necessary for him to travel from his home to the place of work, he was not then in the control of his employer and was free to choose his route, and when injured he was outside instead of within the zone of his employment. The claim for compensation is no more within the provisions of the act than if the accident had occurred as he left his own doorstep or when traveling to his

work over a street a mile or more from his work. The fact that the Union Pacific Railroad Company owned stock in the defendant corporation did not give the defendant or its employees any rights in the yards of the former company, nor add the yards to the premises of the defendant on which the fill was being made. Mazeffe had no duty to perform in those yards, and neither did he have anything to do with the work on the elevated structure that was being built over the yards. We conclude that the accident occurred when the deceased employee was on his way to assume the duties of his employment, and that his injury and death did not arise out of and in the course of his employment.

Judgment affirmed.