# Staunton.

## MRS. JOHN B. KENT v. VIRGINIA-CAROLINA CHEMICAL CO.

September 17, 1925.

Absent, Burks and West, JJ.

1. WORKMAN'S COMPENSATION ACT—*Arising Out of and in the Course of Employment.*—Under section 2(d) of the workman's compensation act (Acts 1918, ch. 400), the accident resulting in injury or death of an employee must both "arise out of" and "in the course of" the employment, before compensation can be awarded.

2. WORKMAN'S COMPENSATION ACT—*Going to or from Work—General Rule.*—An employee going to or from the place where his work is to be performed is not, as a general rule, performing any service arising out of and in the course of his employment. But to this general rule there are exceptions.

3. WORKMAN'S COMPENSATION ACT—*Going to or from Work—Exceptions to the General Rule.*—Although the injury occurs while the employee is going to or from his work, he is entitled to compensation where the means of transportation is provided by the employer or the time consumed is paid for and included in the wages; where the way used is the sole and exclusive way of ingress and egress, with no other way; where the way of ingress and egress is constructed by the employer; and where the employee on his way to or from work is still charged with some duty or task in connection with his employment.

4. WORKMAN'S COMPENSATION ACT—*Going to and from Work—Case at Bar.*—In the instant case, a claim for compensation under the workman's compensation act, the employee was killed on his way home from his work. Fifteen minutes after leaving the plant while walking over a railroad bridge, he was struck by a train and killed. The route used by deceased over the railroad bridge was the shortest and most practical route to his home, and was the one usually taken by him. At each end of the bridge there was a large sign warning people not to trespass. There were two other possible ways between the plant and deceased's home. The employer did not pay deceased for the time consumed in going home.

*Held:* That deceased's death did not arise out of and in the course of his employment so as to be compensable under the workman's compensation act.

Appeal from a judgment of the Industrial Commission denying compensation under the workman's compensation act.

*Affirmed.*

The opinion states the case.

*O. B. Harvey,* for the appellant.

*J. D. Cronmiller* and *R. E. Cabell,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This is an appeal from a judgment of the Industrial Commission of Virginia rendered on January 19, 1925, by which compensation was refused appellant for the death of her husband John B. Kent.

The facts of the case are agreed. Kent, at the time of his death and for about seven years theretofore, was employed as night watchman, at their plant in Lynchburg, Va., by the Virginia-Carolina Chemical Company.

On the morning of March 31, 1924, having completed his work at the plant he started for his home in the city of Lynchburg. Fifteen minutes after leaving the plant while he was walking over what is known as the lower island bridge, he was struck by a Norfolk and Western passenger train and killed. This bridge is about 100 feet long, is a single track bridge and spans the James river.

The home of the deceased was on one side of the James river and the plant of the defendant company was on the other, about three miles apart.

This route, over the Norfolk and Western R. R. bridge from the home of the deceased to the plant, was found by the Commission to be the shortest and most practical route, and it was the route usually, if not always, taken by the deceased. At each end of the bridge there was a large sign warning people not to trespass.

There were two other possible ways. One is spoken of as the county road route, and is a half mile longer than the route across the Norfolk and Western bridge. The other is called the river road and is practically the same distance as the route by the Norfolk and Western bridge, but this latter route appears to have been subject to overflow at times.

The superintendent of the plant stated that he knew Kent had used the bridge route but he had never objected to his using it.

The company furnished no means of conveyance to and from the plant for employees living in Lynchburg, and did not pay them for the time consumed in going home or coming to the plant.

The case was first heard before the chairman of the Commission at Lynchburg who found that the deceased met his death by "accident arising out of and in the course of his employment," and the applicant was allowed compensation.

An appeal was taken to the full Commission and a hearing in Richmond resulted in a refusal of the claim. From the final judgment, refusing the claim, an appeal was granted by this court.

There was an able opinion filed in the case by Commissioner Park P. Deans maintaining the majority

finding, and an able dissenting opinion by Chairman Bolling H. Handy.

[1] Under section 2 (d) of the Virginia workman's compensation act, (Laws 1918, c. 400), the accident resulting in injury or death of an employee must arise out of, *and* in the course of the employment, before compensation can be awarded.

The test, we think, is whether the general character of the undertaking in which the deceased was engaged at the time of the accident arose out of and in the course of his employment.

Under the facts of this case it does not appear that there should be any great difficulty in answering this question, but under the rule of liberal construction of statutes in this class of cases, the courts have allowed compensation in cases very closely analagous to the instant case, and therefore the case here is not without difficulty.

If we bear in mind, however, that under the Virginia act the accident must both "arise out of" and "in the course of" employment, and if we further bear in mind these salient features of this case:

1. That deceased was not at the plant or engaged in work for his employer at the time of the accident;

2. That he was on his way to his home, had left the plant fifteen minutes before the accident and had proceeded on his way for a half mile;

3. That he was walking by a way of his own choosing and not by one provided by his employer;

4. That this way was not the sole or exclusive way of ingress to, and egress from, the plant;

5. That he was not charged with any duty or task in connection with his employment on his way home which carried him over this route.

Can the accident which resulted in the death of

John B. Kent be regarded as meeting both of the conditions of the Virginia statute? Unless we are prepared to say that going to and returning from work meets both of these conditions, then we must answer the question in the negative.

[2, 3] The *general rule*, well stated in *Clapp's Parking Station* v. *Ind. Acc't. Com.*, 51 Cal. App. 624, 197 Pac. 369, is:

"That an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment." The facts agreed upon here and set out above show that the deceased had left his employer's premises and was going home from his work.

The cases indicate that there are three exceptions to the general rule above stated and only three.

First: Where in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages.

Second: Where the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer.

Third: Where the employee on his way to or from work is still charged with some duty or task in connection with his employment.

It cannot be successfully contended that the case we are here reviewing comes literally within any of these exceptions.

This general rule, with the exceptions stated, is not contested, but it is sought to come within the second exception by implication. That is, the contention is that it should be held that where employees regularly and constantly and over a period of years use a certain method or way of approach to the place of employ-

ment with the knowledge of the employer, and that when the way so used is the best way, or most practical way of approach, although there are other ways which could be used, that such route really becomes a part of the contract of employment, and that the injuries sustained upon such route, if it be one which exposes the employee to unusual hazard, are compensable. The contention is based upon the idea that the employee is, by clear implication, invited to use this way, and in effect it becomes a part of the employer's premises.

If we read the statute, in the light of the general rule, and the exceptions thereto, it would seem that the courts have gone as far as they well can, even under a liberal construction of the statute, and that to "go one step further," as the minority opinion holds should be done in this case in order to allow compensation, suggests the inquiry, "when is this thing going to stop?"

An examination of the authorities to which we are referred by counsel for appellant and upon which we are asked to reverse the judgment of the Commission, will reveal that they come within one or the other of the exceptions noted above.

In the case of *Cudahy Packing Co.* v. *Parramore,* 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532, so much relied on by appellant, Parramore was killed on his way to his employer's plant while crossing a railroad track very near the plant and while he was pursuing the only way thereto. The court said: "Parramore could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work, and he was in effect invited by his employer to do so."

The case of *DeConstantin* v. *Public Service Commission,* 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916-A,

329, compensation was denied, and the dictum quoted therefrom rather supports the contention of appellees here.

In the case of *Wabash Railway Co.* v. *Industrial Commission*, 294 Ill. 119, 128 N. E. 290, the court found that the deceased was on the premises of the employer when the accident resulting in his death occurred.

The only other case relied on by appellant to which it is necessary to refer is that of *Green* v. *Albemarle Paper Manufacturing Company*, 2 O. I. C. 398, affirmed by full Commission, 459, and later affirmed upon appeal to the Law and Equity Court of the city of Richmond.   In this case compensation was allowed, but upon the appeal the Commission predicated the allowance upon the conceded fact that the paper company had actually built the steps leading up to the C. & O. railway tracks, upon which claimant's decedent was killed, as a means of ingress to and egress from the plant for its employees, and after stating these facts held:

"That death resulted from an accident which arose out of and in the course of the employment, even though the day's work was over and there was a safer but more circuitous route that could have been taken by the claimant.   The Commission stated the rules that while ordinarily the employment ceases with the close of the day's work, the rule has an exception covering cases where the means of egress furnished by employer exposes employees to danger and that where custom with the consent of the employer has established a means of egress that is dangerous, the employer cannot disclaim liability on account of such dangerous nature of the route."

There is a clear distinction between this case and

the case at bar. In the instant case there was no means of ingress and egress furnished by the employer as there was in the *Green Case.* There the employer clearly invited his employees to use the right of way of the C. & O. railway in coming to and going from the plant, and to this extent made the railway part of its own premises.

In practically all cases identical, or nearly identical, with the case at bar compensation was refused. See *Mazaffe* v. *Kansas City Terminal Ry. Co.,* 106 Kan. 796, 189 Pac. 917; *Fumiciello's Case,* 219 Mass. 488, 107 N. E. 349; *Ocean Accident & Guarantee Co.* v. *Industrial Accident Commission,* 173 Cal. 313, 159 P. 1041, L. R. A. 1917 B 336; *McInerney* v. *Buffalo & S. R. Corp.,* 225 N. Y. 130, 121 N. E. 806; *Bell's Case,* 238 Mass. 46, 130 N. E. 67.

In the last mentioned case the facts are so identical with the case here being considered that a quotation somewhat at length is justified.

Bell, an employee of the Commonwealth Chemical Company, was proceeding to his home, and while passing over a railroad location which was necessary in order to reach his destination met with a fatal accident. As indicated in the decision, there were two other routes which might have been used although the court says they "were impracticable and dangerous." It will be noted in this case, too, when Bell entered the employ of the chemical company, the superintendent accompanied him and took him over the very route he used the day on which the accident later occurred. He had used this route daily in going to and from work, and with the knowledge of his employer. In the course of the opinion we find the following:

[4] "In the present case, the employee, Bell, had ended his night's work and left his employer's premi-

ses. He was his own master  *  *  *. In crossing railroad tracks, the employer could not confer upon its employees the right to cross the railroad location nor did it assume to possess or confer any such right. In the present case, admittedly, the general public had no right to cross the railroad tracks at the place of the accident. The chemical company acquired no such right for its officers, employees or others. Bell's contract of employment did not provide that he was to be considered in the employer's service while crossing the railroad tracks in going from the factory to his home. No such terms can be read into the contract by implication based on the failure of the chemical company to provide other ways to and from the factory that were convenient and safe. It is not to be inferred that the company assumed to give Bell a right from his contract of service.

"It follows that the employee was on his own business and not that of his employer when he was injured on the railroad tracks. His contract did not contemplate nor was he in fact engaged in any service for his employer at that place. The risk from what he suffered was not a risk of his employment. The train which injured him was not connected with its business or with the work for which Bell was employed."

All of which applies with full force to the case at bar.

From these reasons we think the judgment of the Commission is plainly right and that it should be affirmed.

*Affirmed.*