# 𝕾taunton

MONUMENTAL MOTOR TOURS, INC. v. DAISY EATON.

September 5, 1945.

Record No. 2935.

Present, All the Justices.

The opinion states the case.

*John G. May, Jr.,* for the plaintiff in error.

*Thomas A. Williams* and *L. C. O'Connor,* for the defendant in error.

Browning, J., delivered the opinion of the court.

The writ of error awarded in this case imposes the duty of determining whether a verdict of the jury in favor of the plaintiff in the court below is valid.

The plaintiff, Daisy Eaton, sued Monumental Motor Tours, Inc. and James A. Sheppard, jointly, for injuries which she sustained by being struck by an automobile which was driven by Sheppard. The accident happened February 18, 1943, about 8:30 P. M. in the city of Richmond. The automobile belonged to a person named Benny Dalton, who was an employee of the Monumental Motor Tours, Inc., but who was not working at the time. The plaintiff was crossing Marshall Street, near Jefferson, and was struck and quite severely injured.

The alleged liability of the company was based upon the theory of the driver's negligence as its agent. Thus the negligence of the company, if established, would be derivative, that is, emanating through the medium of the alleged agency.

There was a verdict in favor of the plaintiff in the following words: "We, the jury, on the issue joined find for the plaintiff and assess her damages at $2500."

Despite the insistence of counsel for the plaintiff that the verdict was against both of the defendants, the court directed the jury to be polled. To the question, whether the verdict was against both defendants, each juror answered that it was only against the Monumental Motor Tours, Inc., though one of the jurors said that they "figured the driver of the car was an agent of the Monumental."

After much colloquy among the court, the attorneys for both sides, the clerk and the jury, the court directed the jury to retire to the jury room and bring back a verdict embracing both defendants.

Thereupon the jury returned with this verdict: "We, the jury on the issue joined find for the plaintiff and assess her damages at $2500. against the Monumental Tours, Inc. We find for the defendant James A. Sheppard, C. G. Fuqua,

Foreman." This verdict was amended to include the word "Motor.".

Counsel for the defendant, Monumental Motor Tours, Inc., moved the court to set aside the verdict and award it a new trial or enter judgment in its favor because it was contrary to the law and evidence and particularly because the verdict was capricious and had no standing in law because it was an impossibility for a master to be held without holding the servant.

The court declined to accept this view of the matter and overruled the motion. It sustained the motion of the plaintiff to set aside the verdict of the jury rendered in favor of the defendant, James A. Sheppard, and enter judgment for her in the sum of $2500 against both defendants. The court expressed itself, in a written opinion, made a part of the record, as being of the opinion that its action was the simplest way of correcting the error of the jury in returning a verdict in favor of the agent, and that there was sufficient authority for such action.

We think that the court exceeded its authority. To be sure, the court has a right, for good and legal cause, to set aside a verdict of a jury. It has the right to instruct the jury as to the law, indeed it is its duty so to do. It has the right to order or grant a new trial, in a proper case, but it has no right to invade the province of a jury and make or find a verdict for it.

An issue of this nature is not new in Virginia. In the case of *Barnes* v. *Ashworth*, 154 Va. 218, 153 S. E. 711, there was involved a similar question and this was said:

"(1). But, the best considered cases, and we think the weight of authority, sustain the view that where a master and his servant are sued together for the same act of negligence and the master's liability, if any, rests solely upon the servant's misfeasance or malfeasance, a verdict which in terms finds for the servant and against the master or is silent as to the servant and finds against the master, is either predicated upon a misapprehension of the law, or is so capricious and arbitrary, or, at least, so contradictory and doubtful, that

no judgment predicated upon the verdict should be entered for or against the plaintiff as to either the master or the servant, but upon the motion of either the plaintiff or the defendant master the court should set aside the whole verdict, the expressed or implied finding for the servant as well as the finding against the master.

"(2). When such verdict is set aside, as a general rule, a new trial against both defendants should be awarded both upon the questions of the amount of damages and the liability of the defendants. But in such a case when a demurrer to the evidence would have been sustainable as to the liability of the party who is alleged to have committed the act of negligence complained of, the court should enter final judgment for both defendants."

Such a case is very closely analogous to the case of *Sawyer* v. *Norfolk*, 136 Va. 66, 116 S. E. 245, in which this court held that in an action brought against a licensee and his licensor for an act of negligence of the licensee where the liability, if any, of the licensor is wholly derivative and depends solely upon the alleged specific negligence of the licensee, if a demurrer to the declaration be sustained as to the licensee, judgment should also be entered for the licensor. See also *Dalby* v. *Shannon*, 139 Va. 488, 124 S. E. 186. Likewise in such a case if a demurrer to the evidence would have been sustainable as to the liability of the master or principal upon the grounds that there is no evidence of the existence of the relationship of master and servant, or principal and agent, the court should enter final judgment for the alleged defendant master or principal."

It is well to say that the law as announced in the above case has been modified to the extent of permitting the court to enter judgments against both driver and principal when negligence and agency are shown by the "great preponderance of evidence." *Lough* v. *Price*, 161 Va. 811, 819, 172 S. E. 269. This is also to be done where the negligence of the alleged agent is shown "beyond doubt" or as a matter of law. *Gable* v. *Bingler*, 177 Va. 641, 647, 651, 15 S. E. (2d) 33.

A careful analysis of the evidence shows that neither of the above conditions obtains in this case. Quite to the contrary, the evidence, uncontradicted, shows that Sheppard, the defendant and alleged agent, was "off duty" on February 16th, 17th, and 18th, 1943, the last date being that of the accident, and this is shown by the log of the company, which was kept by Sheppard, and in his handwriting, though, before his memory was refreshed by reference to the log, he was completely at sea as to what he had done on the night of the 18th. As a matter of fact he went to Baltimore on the 16th, on a sightseeing trip, as to him, with Mr. Hardy, the local manager of the company, and returned to Richmond on the morning of the 18th and slept most of the day at the company's office, off duty, and in the afternoon borrowed Dalton's car to go to his home on a personal mission. He thereafter returned to the office of the company.

This court has repeatedly held, in cases involving a construction of the Workmen's Compensation Act, that an employee going to or from the place where his work is to be performed is not engaged in any service growing out of and incidental to his employment. It has also been held that an employee was not engaged in the course of his employment when on his way home to lunch. *Kent* v. *Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S. E. 330; *Taylor* v. *Binswanger & Co.*, 130 Va. 545, 107 S. E. 649. It is to be noted that the statute referred to is held to be liberally construed in favor of the claimant, but this construction has not been expanded to include a third person, as its beneficiary, in contradistinction to an employee suing his employer.

The evidence in this case is very far from preponderating in favor of agency or negligence.

The last expression of this court on the question of the verdict of the jury in a situation analogous to that above referred to, is found in the recent case of *Virginia State Fair Ass'n* v. *Burton*, 182 Va. 365, 368, 28 S. E. (2d) 716, in which this was said:

"(1). The first contention is that since the plaintiff's

case is based upon the theory that Cumming, the driver of the automobile, was the agent, servant, and employee of the Fair Association, the verdict and judgment which exonerate Cumming, the servant, from liability, necessarily exonerates his master or principal, the Fair Association. This, of course, is true in so far as the liability of the Fair Association is predicated upon the negligence of Cumming. *Barnes* v. *Ashworth*, 154 Va. 218, 226-230, 153 S. E. 711; *Dalby* v. *Shannon*, 139 Va. 488, 499, 124 S. E. 186, * * * ."

We think that the facts justify the statement that a demurrer to the evidence would have been sustainable as to the liability of the Monumental Motor Tours, Inc., upon the ground that there is no reliable evidence of the existence of the relationship of principal and agent between it and Sheppard, and therefore, in accordance with the law as quoted, this court should enter final judgment for the company. This, and the invalidity of the verdict, which has been adverted to, brings us to the inescapable conclusion that the judgment of the trial court was error and it is, therefore, reversed and final judgment is entered in favor of the Monumental Motor Tours, Inc.

*Reversed and final judgment.*

SPRATLEY, J., concurs in result.