**Salem**

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY, et al.

v.

JUDY D. WOOD

No. 0739-86

Decided September 15, 1987

COUNSEL

Richard D. Lucas (John P. Grove; Jane P. Bulbin; Woods, Rogers & Hazelgrove; Virginia Polytechnic Institute and State University, on brief), for appellants.

James C. Joyce, Jr. (Mary Ann Hinshelwood; Gentry, Locke, Rakes & Moore, on brief), for appellee.

OPINION

**COLEMAN, J.** — Virginia Polytechnic Institute and State University (VPI) and its workers' compensation insurance carrier appeal an award by the Industrial Commission for temporary total disability and medical benefits to claimant Judy D. Wood. Wood, a graduate student and graduate research assistant (GRA) at VPI, was seriously injured on June 6, 1985, when struck by a hit and run automobile while in Las Vegas to attend a professional conference. She went there to present a paper to the Society for Experimental Mechanics. Wood flew to Las Vegas one day before other faculty members from VPI and several days before the conference began. The accident happened while she was bicycling from the airport to a campsite located forty-two miles from the conference center. Once at the campsite, she planned to make final preparation in solitude for her presentation.

On appeal the employer contends that Wood was not an employee of VPI within the contemplation of the Workers' Compensation Act, and that her injuries did not arise out of or during the course of her work with VPI.

■ The facts are considered from the viewpoint most favorable to the prevailing party. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Unless the facts are not supported by credible evidence, they are conclusive and binding on appeal. Code § 65.1-98; *Rust Engineering Co. v. Ramsey*, 194 Va. 975, 978, 76 S.E.2d 195, 197 (1953).

Several faculty members and GRA's from VPI were to attend and participate in the Las Vegas conference. Professor Robert Czarnek made flight reservations for all participants, including Wood. The conference was to begin with a reception on Sunday, June 8, with the business scheduled Monday, June 9 through Saturday, June 14. Wood's presentation was to be made the afternoon of June 10.

Without Czarnek's knowledge or permission, Wood changed her travel departure date from June 7 to June 6 and her return date from June 14 to June 17. She instructed the travel agent not to allow anyone to change her revised travel plans. Wood, an avid bicyclist who has raced and toured approximately 200,000 miles, planned to bicycle from the airport to study and spend several

nights at the campground prior to the conference. Once the conference began, Wood planned to return and stay at a motel close to the conference site which was located four miles from the airport. Wood was twenty-eight miles into her bicycle trip when struck and seriously injured by a hit-and-run driver.

In her position at VPI, Wood was temporarily under the direction of Professor Czarnek but was hired and supervised in the GRA program by Dr. Daniel Post. Dr. Post was out of the country but was still in charge of the program and communicated frequently with Wood. Professor Czarnek handled day-to-day activities. Dr. Post testified that Wood had considerable latitude in making all decisions associated with her work and research in the program and that, although her travel plan had not been approved in advance, he would have done so had he had the opportunity to consider it.

■ Clearly Wood sustained an injury by accident. Assuming that Wood was an employee of VPI her injury is compensable if two other statutory criteria are met: the injury must arise out of *and* in the course of her employment. Code § 65.1-7. "Arising out of" and "in the course of" are used conjunctively and are not synonymous. Both requirements must be fulfilled. *Conner v. Bragg*, 203 Va. 204, 208, 123 S.E.2d 393, 396 (1962); *Dreyfus & Co. v. Meade*, 142 Va. 567, 569, 129 S.E. 336, 336 (1925). Although separate and distinct concepts, the two are not totally independent; frequently proof of one will incidentally tend to establish the other.

■ "Arising out of" pertains to the nature or cause of an injury. *Bradshaw v. Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). An injury arises out of employment

> when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment.

*Conner*, 203 Va. at 208-09, 123 S.E.2d at 397 (citations omitted).

▇ In "the course of" employment refers to the time, place and circumstances under which the accident occurred.

[A]n accident occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto.

*Graybeal v. Montgomery County*, 216 Va. 77, 79, 216 S.E.2d 52, 54 (1975) (quoting *Conner*, 203 Va. at 208, 123 S.E.2d at 396).

We address the most significant dispositive issue: whether Wood's injuries occurred in the course of her employment. We hold that Wood's travel from the conference site to a campsite by bicycle, even though her intended purpose after arrival was employment related, was not reasonably fulfilling the duties of employment or performing functions reasonably incidental to her employment. Accordingly, since her injuries did not occur in the course of her employment, we reverse the Commission's award.

The Commission specifically found that Wood's sole purpose for going to the campground was to prepare her presentation and not for the dual purpose of a personal excursion. The Commission based its finding, in part, upon the fact that Wood's alternate travel and lodging arrangements would save VPI money, a finding which we find difficult to accept in view of the additional travel days and expenses involved. Nevertheless, for our purposes we accept the Commission's finding that her sole purpose in going to the campsite was work related.

In order to find that claimant's injury occurred in the course of her employment, the Commission applied the "modified rule" enunciated in *Graybeal v. Montgomery County*. The Commission found that by going to the campground Wood had "embarked on a preplanned continuation of her travel in and about the interests of her employer, VPI, to prepare for the mission which was the purpose of her travel." The Commission perceived Wood's problem to be analogous to *Graybeal*. Wood, like Graybeal, was not at her usual place of work and not directly en route to the employment related conference site when injured. Nonetheless, because

her destination was employment related, the Commission found the injury originated in the employment. The Commission held that Wood established that her injury arose in the course of employment by the "showing of an unbroken course beginning with work and ending with injury under such circumstances that the beginning and the end are connected parts of a single work-related incident." *Graybeal*, 216 Va. at 80, 216 S.E.2d at 54. The Commission reasoned that, because Wood's purpose in going to the campsite served no other purpose than to advance her employer's interest, her injuries occurred during a "continuity of time, space and circumstances" which "originated in the course of the employment."

The facts in the present case do not present the "atypical" situation attendant in *Graybeal*. As Justice Russell has noted, an unwarranted extension of *Graybeal* would bring within the "course of the employment" requirement activities by employees at times and locations not related to employment when an employee could show merely a causal relation directly emanating from the employment. *See Grand Union Co. v. Bynum*, 226 Va. 140, 144, 307 S.E.2d 456, 458 (1983). *Graybeal* was limited in its application and carefully fashioned so as not to extend its ruling unjustifiably to unwarranted situations. 216 Va. at 79, 216 S.E.2d at 54.

Graybeal, a Commonwealth's Attorney, upon arriving home after working late at the office, was injured when a package-bomb exploded as he picked it up from on top of the family car. The bomb was set by a vengeful criminal that he had successfully prosecuted. The *Graybeal* court applied other than the usual "in the course of" employment analysis because Graybeal had no fixed time or location of work. Graybeal suffered an injury which was so clearly and directly caused by his employment and could be traced to an incident originating in his employment that it was held to have arisen in the course of the employment. The court recognized that where the cause of the injury so clearly arises out of the employment, they would not allow a rigid inflexible rule to defeat the beneficent purpose of the Act. Thus, even though Graybeal was injured in the driveway of his home after working hours, the court indulged a fiction, "[a]n appropriate rule, limited in application," *id.* at 79, 216 S.E.2d at 54, to satisfy the requirement that the injury by accident occurred at a time and place within the employment. Acknowledging that this approach tended

"to blend" the "arising out of" and "in the course of" requirements by placing primary emphasis upon the causation of the injury, the court limited application of the rule not only to employees having no fixed time or location of work, but also to injuries which can be directly traced to "an unbroken course beginning with work and ending with injury under such circumstances that the beginning and end are connected parts of a single work-related incident." *Id.* at 80, 216 S.E.2d at 54. In *Graybeal*, the cause originated at work but manifested itself away from work.

The present case is distinguishable from *Graybeal*. While both *Graybeal* and this case question when an injury occurs in the course of employment, *Graybeal* deals with an employee injured after usual working hours at a location seemingly not employment related. Wood's situation involves an employee injured while traveling to a site, away from her usual and customary place of employment, chosen by her without authorization to prepare for an employment related presentation. We find that Wood's accident did not "occur within the period of employment at a place where the employee may be reasonably expected to be." *Id.* at 79, 216 S.E.2d at 54.

■ Wood's situation is complicated by the fact that she chose to combine her travel to the authorized conference site with travel to a location of her choosing to prepare her presentation. Required or authorized attendance at a conference or institute will generally bring those activities associated with attendance at the conference and others incidental thereto within the course of employment. Authorized or required attendance at a conference will usually expand the scope or course of employment to include travel to and from and attendance at the conference and the activities reasonably incidental thereto. *See generally*, 1A A. Larson, *Workmen's Compensation Law* § 27.31(c) (1985).

Authorized attendance at the conference and preparing for the conference are separate and distinct activities. As noted, most states have held that accidental injuries incurred while traveling to and from and incidental to attendance at a conference are within the course of employment. However, at the time of her injury Wood was neither traveling to nor engaged in activities reasonably incidental to attendance at the conference. Travel related to attending the conference ended when she arrived in Las Vegas and departed by bicycle to the campsite. Wood's travel to the

campsite was not incidental to her attendance at the conference.

■ We need not consider or decide whether Wood would have been in the course of her employment after she arrived at the campsite and while preparing her presentation. The situation is more straightforward and the applicable law is settled. This case is measured by the same legal principles and standards as other cases in which injuries occur during travel, when the travel is not an integral part of the employment. The law is well established in this jurisdiction "[t]hat an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment." *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330, 331 (1925) (citations omitted); *see also GATX Tank Erection Co. v. Gnewuch*, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980). Three exceptions to the general rule have been recognized but none are applicable here. *See Fouts v. Anderson*, 219 Va. 666, 250 S.E.2d 746 (1979); *Brown v. Reed*, 209 Va. 562, 165 S.E.2d 394 (1969); *Kent*, 143 Va. at 66, 129 S.E. at 331-32. Whether an exception should be carved out for this situation depends upon whether the travel was such an integral part of Wood's employment or was required by the employer to the extent that the employee would be considered engaged in an activity incidental to her employment. While preparation for her presentation at the conference was an anticipated necessary part of her employment, travel to and from the location where that preparation was to occur would not fulfill the requirement that to be compensable the injury must occur while the employee is reasonably fulfilling duties of employment or is doing something reasonably incidental thereto.

The present case is a situation where an employee with broad discretion in how and when and, to some extent, where her work is to be performed chooses to do a work related task at a location remote from her customary and usual place of employment. That Wood chose a campsite near Las Vegas to make her preparation is immaterial. Had she chosen a campground near Blacksburg or a solitary retreat at any location, whether authorized or not, or had she been on her way to her office at VPI, the same result would obtain. To hold that Wood was injured in the course of her employment would, as suggested by Justice Russell in *Bynum*, 226 Va. at 144, 307 S.E.2d at 458, tend to extend the coverage of our

Workers' Compensation Act to all employees who are traveling to and from work. Such an extension is unwise and we are unwilling to do so.

Since we hold that Wood was not injured in the course of her employment, we reverse the award made by the Commission and enter final judgment dismissing the claim.

*Reversed and dismissed.*

Cole, J., and Moon, J., concurred.