## CIRCUIT COURT OF THE CITY OF RICHMOND

Elizabeth A. Smith

v.

Michael W. Boland
and Bill Talley Ford, Inc.

May 25, 1995

Case No. LA-594-4

By Judge Randall G. Johnson

This personal injury action is before the Court on defendant Bill Talley Ford, Inc.'s, motion for summary judgment and defendant Michael Boland's objection to venue. The motion for summary judgment involves the question of whether Boland was acting within the scope of his employment with Bill Talley Ford at the time of the automobile accident giving rise to plaintiff's claim. The parties agree that if he was, Bill Talley Ford is a proper defendant and that venue exists in Richmond. If Boland was not acting within the scope of his employment, the parties agree that Bill Talley Ford must be dismissed as a defendant and that the case against Boland should be transferred to Hanover County.

For purposes of defendants' motion and objection, the facts are not in dispute. Boland lives in Hanover County and works for Bill Talley Ford, which is located in Henrico County. On April 16, 1993, he and plaintiff were involved in an automobile accident in Hanover County. At the time of the accident, Boland was driving his personal car and was traveling from his home to a work-related training seminar. While none of the statutory venue provisions allow venue in Richmond as to Boland, plaintiff filed suit here because Bill Talley Ford, which does business in Richmond, is also a defendant. It is Bill Talley Ford's contention that Boland was not acting within the scope of his employment at the time of the

accident, thus requiring that Bill Talley be dismissed as a defendant and that the case against Boland be transferred. *See* Va. Code § 8.01-264(B).

Plaintiff concedes that the well-settled law in Virginia is that "an employee going to and from work is not engaged in any service growing out of and incidental to his employment . . . ." *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330 (1925). *See also GATX v. Gnewuch*, 221 Va. 600, 603, 272 S.E.2d 200 (1980). Plaintiff cites the case of *Virginia Polytechnic Institute v. Wood*, 5 Va. App. 72, 360 S.E.2d 376 (1987), however, to argue that a different rule applies when an employee is traveling to or from a conference or training session associated with his or her employment. Specifically, the Court of Appeals observed:

> Wood's situation is complicated by the fact that she chose to combine her travel to the authorized conference site with travel to a location of her choosing to prepare her presentation. Required or authorized attendance at a conference or institute will generally bring those activities associated with attendance at the conference and others incidental thereto within the course of employment. *Authorized or required attendance at a conference will usually expand the scope or course of employment to include travel to and from and attendance at the conference and the activities reasonably incidental thereto. See generally*, 1A A. Larson, *Workmen's Compensation Law* § 27.31(c) (1985).

5 Va. App. at 78 (emphasis added).

The court rejects plaintiff's argument for two reasons. First, the language from *Wood* quoted above is mere dictum. In fact, the court held that Wood's accident did *not* arise in the course of her employment because she was injured while traveling to a site where she intended to *prepare* for the conference, not to the conference itself, which was being held elsewhere.

Second, and more important, is that *Wood* is a workers' compensation case, and the standard for determining whether an accident arises out of and in the "course" of employment in workers' compensation cases is different from the standard for determining whether an accident is within the "scope" of employment in personal injury cases. In *Monumental Motor Tours v. Eaton*, 184 Va. 311, 35 S.E.2d 105 (1945), the Virginia Supreme Court said:

> This court has repeatedly held, in cases involving a construction of the Workmen's Compensation Act, that an employee going to

or from the place where his work is to be performed is not engaged in any service growing out of and incidental to his employment. It has also been held that an employee was not engaged in the course of his employment when on his way home to lunch. *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330; *Taylor v. Binswanger & Co.*, 130 Va. 545, 107 S.E. 649. It is to be noted that the statute referred to is held to be liberally construed in favor of the claimant, but this construction has not been expanded to include a third person, as its beneficiary, in contradistinction to an employee suing his employer.

184 Va. at 316.

Similarly, in *Sayles v. Piccadilly Cafeteria*, 242 Va. 328, 410 S.E.2d 632 (1991), the court noted:

The test for determining whether an accidental injury "[arose] out of and in the course of the employment," within the meaning of [the Workers' Compensation Act], is not the same as the test for determining whether a servant acted within the scope of his employment under the doctrine of *respondeat superior*.

242 Va. at 331.

I see no difference between an employee's traveling from home to his or her worksite and traveling from home to a work-related conference or seminar. I also see no reason to extend the liberal workers' compensation principle enunciated in *Wood* to the personal injury litigation issue of *respondeat superior*. Accordingly, I hold that Boland's traveling from his home to an employment-related seminar in this case was not within the scope of his employment with Bill Talley Ford. Thus, Bill Talley Ford's motion for summary judgment will be granted, and Boland's objection to venue will be sustained.