COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


RONALD DOUGLAS SMITH

v.    Record No. 1794-94-1          MEMORANDUM OPINION[*]
                                       PER CURIAM
KERSHAW AUTOMOTIVE, ET AL.          MAY 30, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Stuart A. Saunders (Saunders & DeSaulniers,
               P.C., on brief), for appellant.

               Jimese L. Pendergraft (Knight, Dudley, Dezern
               & Clarke, P.L.L.C., on brief), for appellees.



     Ronald Douglas Smith appeals a decision by the Virginia

Workers' Compensation Commission suspending his award of benefits

after finding that he unjustifiably refused selective employment

procured for him suitable to his capacity and that he failed to

cure such refusal.  See Code § 65.2-510.  We hold that the

commission's decision is well supported by the record and affirm

the suspension of Smith's benefits.
          "[I]n order to support a finding [of refusal] based
          upon Code [§ 65.2-510], the record must disclose (1) a
          bona fide job offer suitable to the employee's
          capacity; (2) procured for the employee by the
          employer; and (3) an unjustified refusal by the
          employee to accept the job."  Furthermore, a person
          receiving workers' compensation has a duty to cooperate
          in efforts to get him a job he is capable of
          performing.

Johnson v. City of Clifton Forge, 9 Va. App. 376, 378, 388 S.E.2d

654, 655 (1990) (citations omitted).  On appeal, the commission's

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

findings of fact are conclusive and binding if based on credible evidence.  V.P.I. & State Univ. v. Wood, 5 Va. App. 72, 74, 360 S.E.2d 376, 377 (1987).

Credible evidence supports the commission's finding that Smith received and accepted a valid offer of light duty work which he later abandoned.  The evidence further supports the commission's finding that the employment procured for Smith by his former employer was within his residual capacity.  While Smith maintains that he was required to perform tasks beyond his capacity, the record supports the commission's finding that, in fact, he was not because he was provided with a helper to assist him and was told by his new employer that he did not have to do any labor beyond what was prescribed to him by his physician.

The record also shows that Smith did not cooperate in efforts to find him a job he was capable of performing.  First, Smith abandoned the job procured for him by his former employer without any attempt to work things out.  After his abandonment, Smith, who claims his back had worsened due to his light duty work, did not seek medical attention for more than two months. Finally, Smith never sought the assistance of the Virginia Employment Commission and failed to adequately market his residual capacity.

Accordingly, we affirm the commission's decision.

Affirmed.