COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Overton
Argued at Alexandria, Virginia


STRATFORD & MONTICELLO SQUARE APARTMENTS AND
 STATE FARM FIRE AND CASUALTY COMPANY

v.        Record No. 2142-95-4        MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
PHILLIP ALAN SHARP                         APRIL 2, 1996


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              John M. Poma (Midkiff & Hiner, on briefs),
              for appellants.

              Kathleen G. Walsh (Ashcraft & Gerel, on
              brief), for appellee.



     Appealing from a decision by the Workers' Compensation

Commission, Stratford & Monticello Square Apartments and its

insurer (collectively "employer") contend that employee Phillip

Sharp's injury arose neither out of nor in the course of his

employment.  We disagree with this contention, and we affirm the

commission's award of benefits.

     Sharp was employed as a painter by Stratford & Monticello

Square Apartments, normally working hours between 7:30 a.m. to 4

p.m.  "Not often but occasionally," Sharp's employer asked him to

do tasks outside of his normal working day.  These tasks included

running off loiterers and homeless people, responding to a stove

fire, and checking vacant apartments for trespassers.  He

received all of his orders from the resident manager, Elizabeth

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Dulin, or her son.

On the evening of December 7, 1993, at approximately 7:00, Sharp received a call from Dulin, who asked him to come help her at her office. When Sharp arrived at Dulin's office, he found her dizzy with an extremely elevated blood pressure. He called the rescue squad, who advised upon arrival that Dulin should go to the hospital. They placed her on a gurney, and Sharp helped them move the gurney out of the apartment and down the stairs. At the ambulance, Sharp was told to lift and to pull a lever underneath. As he pulled the lever he felt a sharp pain in his shoulder. He was later diagnosed as having torn his rotator cuff from this incident.

The full commission awarded Sharp benefits, finding that his injury by accident arose out of and in the course of his employment. Although Sharp was not instructed directly by his employer to help move the stretcher, his actions were part of the same transaction in which his employer summoned him to her office.

To receive compensation for an injury by accident under the Workers' Compensation Act, an employee must show the injury arose both out of and in the course of the employment. Code § 65.2-101. "The phrases arising 'out of' and arising 'in the course of' are separate and distinct." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). Arising "out of" refers to the origin or cause of the injury, while

arising "in the course of" refers to the time, place, and circumstances under which the accident occurred. Id. The two elements must each be proven, although frequently proof of one will incidentally tend to establish the other. Virginia Polytechnic Inst. v. Wood, 5 Va. App. 72, 75, 360 S.E.2d 376, 378 (1987).

An injury arises out of the employment if it can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment. VPI, 5 Va. App. at 75, 360 S.E.2d at 378; Conner v. Bragg, 203 Va. 204, 208-09, 123 S.E.2d 393, 397 (1962). Some causal connection must exist between the employee's injury and the conditions under which the employer requires the work to be performed. Carr v. City of Norfolk, 15 Va. App. 266, 269, 422 S.E.2d 417, 418 (1992). This determination rests on the particular facts of a case. Id.

The facts in this case show that Sharp was required to perform a myriad of jobs in his position at the apartment complex. Sharp did many varied tasks as Dulin directed him to do. On the night in question, Dulin asked Sharp to come to her office and assist her. In light of his past duties, Sharp's reaction to her call was consistent with the terms of his employment and the subsequent events arose out of his employment.

"[A]n accident occurs in the 'course of employment' when it

takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." Thore v. Chesterfield County Bd. of Supervisors, 10 Va. App. 327, 331, 391 S.E.2d 882, 885 (1990) (quoting Conner, 203 Va. at 208, 123 S.E.2d at 396). The employee must show "an unbroken course beginning with work and ending with injury under such circumstances that the beginning and the end are connected parts of a single work-related incident." Graybeal v. Montgomery County, 216 Va. 77, 80, 216 S.E.2d 52, 54 (1975). The injury may occur after the employee's actual employment labors are completed. Kim v. Sportswear, 10 Va. App. 460, 464, 393 S.E.2d 418, 421 (1990); see Thore, 10 Va. App. at 331, 391 S.E.2d at 885.

Sharp responded to his employer's request by walking to her office to determine what job she needed done. At that point and continuing, the tasks Sharp performed were either required by his employment or were reasonably incidental thereto. As such, his injury arose in the course of his employment.

The commission's determination that Sharp's injury by accident arose out of and in the course of his employment is supported by credible evidence.

Affirmed.