## CIRCUIT COURT OF FAIRFAX COUNTY

Judith Mackaness

v.

Khosrow Matini et al.

June 26, 1996

Case No. (Law) 137635

By Judge Stanley P. Klein

This matter is before the Court on Defendant INOVA Health Care Services'[1] Plea in Bar/Plea of the Statute of Limitations. INOVA claims (1) that the applicable statute of limitations expired before the commencement of this action; (2) that plaintiff's claim against INOVA is based solely on theories of agency and *respondeat superior* and as a matter of law the alleged tortfeasor, Dr. Henry Bowers, was not an agent, servant, or employee of INOVA; and (3) that Dr. Bowers' Plea in Bar in this case has already been sustained and therefore, even if the Court were to find that he was acting as an agent, servant, or employee of INOVA at any relevant time, as the agent has been dismissed with prejudice from the case, no liability could attach to the principal. For the reasons set out in this opinion, INOVA's Plea in Bar is sustained.

On May 22, 1922, Plaintiff Judith Mackaness underwent removal of a lesion on her right leg by Dr. Khosrow Matini. The tissue was analyzed by Bowers, a pathologist at Mt. Vernon Pathology Group, Inc., who determined it was a benign growth.

On May 18, 1994, Mackaness was again seen by Matini for an enlarging growth in the area of the 1992 growth. This growth was also removed by Matini and tissue was again forwarded to Mt. Vernon Pathology for analysis. Dr. Monica Gallivan determined that the 1994 growth was a

---

[1] INOVA operates Mt. Vernon Hospital.

malignant melanoma. Gallivan also reviewed the 1992 pathology slide and opined that contrary to Bowers' analysis, it too was a melanoma.

On December 28, 1994, more than two years after the alleged negligence of May 1992, Mackaness filed a motion for judgment in this Court against Martini and INOVA, t/a Mt. Vernon Hospital. She amended her motion for judgment on May 15, 1995, to add Bowers and his group, Mt. Vernon Pathology, as parties defendant. Her sole claim against INOVA is derivative of her claim of negligence against Bowers. By order entered December 22, 1995, Judge Richard J. Jamborsky sustained the Plea of the Bar of the Expiration of Limitations filed by Bowers and Mt. Vernon Pathology and dismissed Mackaness' claims against them with prejudice. Mackaness appealed Judge Jamborsky's December 22, 1995, order and on June 13, 1996, the Supreme Court of Virginia dismissed that appeal without prejudice.

In support of its Plea in Bar/Plea of Statute of Limitations, INOVA asserts that Bowers was not an agent, servant, or employee of INOVA and that the Supreme Court's decision in *Stuart Circle Hospital Corp. v. Curry*, 173 Va. 136 (1939), bars Mackaness' claim against it. INOVA further argues that the applicable two year statute of limitations, pursuant to Va. Code § 8.01-243, had clearly expired before the motion for judgment was filed against it.

Mackaness responds that Bowers was the general hospital pathologist at Mt. Vernon Hospital, and, as she did not have any choice as to the pathologist the hospital would use, the "independent contractor" analysis of *Stuart* is inapposite. She further argues that a cause of action for personal injury accrues when the *injury*, not the negligence, occurs, and as the cancer she complains of did not develop until 1993 or 1994, Code § 8.01-243 does not bar her claim.[2] Additionally, she argues that a cause of action for medical malpractice in Virginia does not accrue until the end of all "diagnosis and treatment 'for the same or related illnesses or injuries, continuing after the alleged acts of malpractice'." *Farley v. Goode*, 219 Va. 969, 979 (1979) (citing *Borgia v. City of New York*, 12 N.Y.2d 151, 155-57 (1962)). She claims that this "continuing treatment" rule further belies INOVA's statute of limitations defense.

Neither party presented any evidence in support of INOVA's Plea in Bar/Plea of the Statute of Limitations. In *Stuart Circle*, the Supreme Court

---

[2] *See Hing-Har Lo v. Burke*, 249 Va. 311 (1995); *Renner v. Stafford*, 245 Va. 351, 355 (1993); *Locke v. Johns Manville Corp.*, 221 Va. 951, 959 (1981).

held that a hospital is liable for the negligence of interns and nurses, while acknowledging that no such derivative liability would flow from the acts of the attending physician. *Stuart Circle*, 173 Va. at 147, 152. It would not be appropriate for this Court to determine whether a pathologist should be deemed analogous to a treating physician in this context without the presentation of the relevant evidence. Moreover, the burden of establishing facts sufficient to sustain the bar of the statute of limitations is on the party asserting that defense. *Louisville & Nashville RR. Co. v. Saltzer*, 151 Va. 165, 169 (1928). Evidence must be presented for this Court to determine when the cause of action actually accrued and whether the "continuing treatment" exception is applicable. Accordingly, INOVA's presentation of its Plea of the Statute of Limitations is premature.[3]

Finally, INOVA argues that Judge Jamborsky's December 22, 1995, order dismissing this case against Bowers and Mt. Vernon Pathology with prejudice precludes a verdict against INOVA, as the sole basis for Mackaness' claim against INOVA is derivative of her claim against Bowers. Mackaness responds that the cases relied upon by INOVA stand solely for the proposition that a *verdict* in favor of the servant relieves the master of potential liability and, as no verdict was returned by a jury in favor of Bowers, INOVA's argument is inconsistent with Virginia law.

In *Roughton Pontiac Corp. v. Alston*, 236 Va. 152 (1988), a customer of a car dealer sued both the salesman and the dealer alleging that the car he had purchased was converted when it was wrongfully repossessed by the salesman. No other allegations of tortious conduct were made against the dealer. At trial, the jury returned a verdict against the dealer but no verdict against the salesman. The judge instructed the jury to continue its deliberations and to return verdicts as to both of the defendants. Thereafter, the jury returned with its original verdict but added words that the salesman was "not guilty." The trial judge consequently entered a judgment against the dealer and in favor of the salesman. *Id.* at 155. The Supreme Court reversed, reasoning "[i]t is well settled in Virginia that where master and servant are sued together in tort, and the master's liability, if any, is solely dependent on the servant's conduct, a verdict for the servant necessarily exonerates the master." *Id.* At 156. *See also Rakes v. Fulcher*, 210 Va. 542,

---

[3] To the contrary, it is clear from the wording of Judge Jamborsky's December 22, 1995, order sustaining the Plea of Bowers and Mt. Vernon Pathology that he was presented with evidence from the medical review panel hearing and portions of the depositions of the parties' medical experts when he sustained their Plea.

549 (1970); *Whitfield v. Whittaker Mem. Hosp.*, 210 Va. 176, 183 (1969); *Monumental Motor Tours v. Eaton*, 184 Va. 311, 314-15 (1946); *Virginia State Fair Ass'n v. Burton*, 182 Va. 365, 368 (1944); *Barnes v. Ashworth*, 154 Va. 218, 228-30 (1930).

The Court rejects Mackaness' argument that this longstanding precedent applies only to cases where a jury has returned a verdict against the servant on the merits. First, no decision limits this legal principle to jury verdicts on the merits. To the contrary, in *Monumental Motor Tours*, the Supreme Court stated "[b]ut in such a case *when a demurrer to the evidence would have been sustainable* as to the liability of the party who is alleged to have committed the act of negligence complained of, *the court should enter final judgment for both defendants." Id.* at 315 (emphasis added). In sustaining Bowers' Plea, Judge Jamborsky ruled as a matter of law that no jury issues even existed as to whether the applicable statute of limitations had expired before this suit was commenced. As the effect of Judge Jamborsky's order was to exonerate the servant, Virginia law precludes any judgment being entered against the master. Accordingly, INOVA's Plea In Bar is sustained on this ground and Mackaness' claim against INOVA is dismissed with prejudice.