# Richmond

## STANDARD DREDGING COMPANY, A FOREIGN CORPORATION, v. ANTONI BARNALLA.

March 24, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*Baird, White & Lanning*, for the plaintiff in error.

*Morewitz & Morewitz*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by attachment was brought by Antoni Barnalla to recover from the defendant company damages in the sum of $6,000.00, and wages of $18.00 and $33.39, with statutory penalties for their nonpayment.

Barnalla, an American seaman, while employed on defendant's tug boat "Mary Bickel" was injured by the falling of a port hole cover. By reason of the injury sustained he was unable to perform his usual services for a period of six days. The accident occurred on January 16, 1930, and on January 22, 1930, Barnalla resumed work, but only remained in service for a short period thereafter. On February 8th he was handed a check for the sum of $33.39 which stated on its face that it was in settlement of "wages on Bickel." The check also bore the notations: "If incorrect please return" and "void thirty days after date." Barnalla retained the check, but on February 21, 1930, by letter, demanded payment of the additional sum of $18.00 which he claimed was also due him as wages. No response was received to that letter and thereupon Barnalla sued out his attachment.

There is no controversy in this court in regard to the question of alleged damages. The claim of Barnalla is that while employed as a seaman on a vessel making coasting

voyages, at a salary of $90.00 per month, he was entitled to full-time pay while off duty, which wage has been withheld by defendant "without sufficient cause," thus rendering defendant liable under the provisions of section 596, title 46 U. S. C. A. (Rev. St. section 4529). That statute is as follows:

"The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or *vice versa*, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two day's pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; but this section shall not apply to masters or owners of any vessel the seamen of which are entitled to share in the profits of the cruise or voyage."

Defendant disclaims liability on the ground that Barnalla was not employed on a vessel "making coasting voyages," and therefore does not come within the remedial provisions of the revised statute, and on the further ground that if it be held he was a seaman on a vessel making coasting voyages, he was an employee at will and only entitled to wages for the time actually engaged in services, and that such wages as he is entitled to have been fully paid by the tender of the check for $33.39.

There was a trial by a jury who returned this verdict:

"We, the jury, find for the plaintiff and fix his allowance as follows:

"Cause No. 1.   Maintenance and cure........$ 120.00

"Cause No. 3.   Wages wrongfully withheld.....   18.00

"Balance of wages due.....................   33.39

"Liability account of wages $18.00 wrongfully
   withheld................................ 780.00

"$951.39"

On motion of the defendant the court set aside the verdict of the jury on the ground that Barnalla was not entitled to the $18.00 item claimed as wages, and therefore not entitled to the penalty for withholding same.

Following this action, the trial court, being of opinion that the case should be disposed of by the court without resorting to a new trial, held that Barnalla came within the provisions of the Federal statute and was entitled to recover as follows:

Maintenance and cure, $120.00; earned wages, $33.39; waiting time of double wages beginning March 1, 1930, and running to the day of the verdict, June 18, 1930, $660.00; making a total of $813.39, with interest thereon from the 18th day of June, 1930.

Defendant, on the argument here, concedes that Barnalla is entitled to receive the sum of $33.39 (which it claims was paid into court) for wages due but not wrongfully withheld, and the further sum of $120.00 for "maintenance and cure" which latter sum is not affected by the statute.

The action of the court in refusing to enter judgment for defendant upon setting aside the verdict of the jury and in entering judgment for the plaintiff is assigned as error.

■ Conceding merely for the sake of the argument that the wages due Barnalla have been withheld "without sufficient cause," the first question to be decided is whether

Barnalla was employed on a "vessel making coasting voyages," and therefore entitled to the penalties prescribed by the statute. The history, purposes and effect of the statute have been discussed in a number of Federal cases and require no further elaboration on that score. See *Collie* v. *Fergusson*, 281 U. S. 52, 50 S. Ct. 189, 74 L. Ed. 696, 1930 A. M. C. 408; *The Charles Whittemore* (C. C. A.), 11 Fed. (2d) 344; *The Lake Galewood* (D. C.), 21 Fed. (2d) 987; *Mystic S. S. Co.* v. *Stromland* (C. C. A.), 20 Fed. (2d) 342; *The Sonderborg* (C. C. A.), 47 Fed. (2d) 723; *The Lake Gaither* (C. C. A.), 40 Fed. (2d) 31.

While proof was adduced by defendant tending to show that the "Mary Bickel" was, at the time this controversy arose, employed in dredging operations in Hampton Roads, there is further proof that she is a large, sea-going tug. Her status as a vessel making coasting voyages has, we think, been fixed by the following stipulation executed by counsel:

"It is stipulated and agreed that at all the times mentioned in the petition filed herein the tug Mary Bickel was an enrolled vessel of the United States, licensed 'to be employed in carrying on the coasting trade,' her home port being New York."

Our conclusion is that Barnalla comes within the protecting provisions of Rev. St. section 4529 (46 U. S. C. A., section 596).

■ The second question to be decided is: Was Barnalla entitled to the sum of $18.00 due as wages, and if so, was said sum wrongfully withheld? The question must be decided in the negative. The court instructed the jury "that the contract of employment was a hiring at will and that the plaintiff's right to wages ceased when he left the vessel on the 16th day of January and again on the 14th day of March." The instruction was based on the undisputed evidence of the defendant that the contract of employment was a hiring at will. No objection was interposed by plaintiff to the

giving of the instruction. It became the law of the case and the jury were bound by it and on that issue should have found for the defendant. It follows that the court did not err in setting aside the verdict of the jury, based as it was on the wrongful withholding of the $18.00 item.

We will now consider the action of the trial court in entering up judgment for the plaintiff. Section 6251 of the Code provides in part: "When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted if there is sufficient evidence before the court to enable it to decide the case upon its merits, but such final judgment shall be entered as to the court shall seem right and proper."

In *Morris & Co.* v. *Alvis*, 130 Va. 434, 107 S. E. 664, this statute was construed and it was there held that the policy and purpose of the statute is a speedy determination of litigation and the rendition of a final judgment where it is *clear* that upon the facts before it the court can by such order attain the ends of justice.

When the two verdicts are compared and the action of the court in entering judgment is considered, we are confronted with this situation: The jury, in the face of the undisputed evidence, found in favor of the plaintiff on the issue that the $18.00 item had been withheld by defendant without sufficient cause, and based its verdict imposing a penalty on that item alone. On the other hand, the verdict of the jury was in favor of the defendant as to the item of $33.39, alleged by plaintiff to have been wrongfully withheld. The judgment of the court, based on the alleged wrongful withholding of the $33.39 item, is diametrically opposed to the conclusion of the jury. On the identical evidence different verdicts have been found.

Section 6251 unquestionably empowers the court, when the evidence is clear, to render final judgment upon setting aside the verdict, but if there is a conflict on a mate-

rial point, or if reasonably fair-minded men may differ as to the conclusions of fact to be drawn from the evidence, then a question of fact is presented and the safe rule to follow is to submit the matter to the determination of the jury.

In *Forbes & Co.* v. *So. Cotton Oil Co.*, 130 Va. 273, 108 S. E. 15, 24, Judge Burks, dealing with section 6251, said: "It was argued before us that the power given to the trial judge to enter such final judgment as to him should seem right and proper was a substitution of the opinion of the judge for that of the jury. This power does not come into operation until after the verdict has been rightly set aside, and when it does come into operation it is not an arbitrary power, but is subject to review on a writ of error. The judgment is not the determination of any question of fact, but is simply the conclusion of law upon the facts as they appear."

In our opinion the trial court has sought in this case to determine a question of fact on conflicting evidence. That the trial court was also of opinion that the turning point of the case was one of fact and not of law is evinced by this instruction:

"The court instructs the jury that defendants have never made a legal tender of the wages due plaintiff, but the crux of the matter in controversy here as to wages is whether the wages due the plaintiff have been withheld without sufficient cause."

The instruction was given without objection and became the law of the case.

The judgment must be reversed and the case remanded for a new trial, but upon such trial the question of tender shall be taken as concluded and the trial shall be had as to whether there has been neglect or refusal without sufficient cause on the part of the defendant to pay plaintiff the said sum of $33.39 wages admittedly due.

*Reversed and remanded.*