# Wytheville

FLORENCE R. GABLE v. W. R. BINGLER.

June 9, 1941.

Record No. 2363.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

*Perkins, Battle & Minor,* for the plaintiff in error.

*C. Armonde Paxson,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This proceeding brings before us the correctness of a judgment of the trial court rendered in favor of W. R. Bingler, plaintiff, against Florence R. Gable and Willard E. Jameson, master and servant, respectively, for $10,000. Willard E. Jameson did not apply for a writ of error and as to him the judgment is final. Mrs. Gable is the sole plaintiff in error.

Mrs. Gable was operating an automobile service station under the style of California Oil Service in Charlottesville, Virginia. Bingler was a plumber by trade and was working on one of the gasoline pumps in the station when he was struck by an automobile driven by Willard E. Jameson, the other defendant below. The injuries to Bingler were painful and serious and of a permanent nature. The accident occurred around ten o'clock in the morning of March 3, 1939.

One T. C. Ritchie, a customer of the service station and a partner in the firm of Ritchie Electric Company, was driving the firm's car near the service station and ran out of gasoline. He left the car in the street and walked to the station and announced that his gasoline tank was empty. Willard E. Jameson took a can of

gasoline to the car, poured it into the tank, and drove the car into the station. He attempted to place his foot upon the brake to slow down as he entered the station but through inadvertence placed his foot on the accelerator. This caused the car to increase its speed, and Bingler, who was working on the pump, was struck without warning and injured. After striking Bingler the car proceeded some distance, striking and knocking over a steel light pole before it came to rest.

Bingler instituted his action for damages against Willard E. Jameson, Florence R. Gable, and T. C. Ritchie in his own right and as partner of Ritchie Electric Company. It was alleged that Willard E. Jameson was the servant of Mrs. Gable, and acting in the course of his employment at the time of the accident. She denied that the relation of master and servant existed at the time.

The court struck the plaintiff's evidence as to Ritchie and his company at its conclusion and they were dropped as defendants. This action of the court was not made the subject of any cross-error on the part of Bingler and consequently is not now a question for us to consider. The case was submitted to the jury and it found a verdict in favor of Bingler against Mrs. Gable, the master, but was silent as to Willard E. Jameson, the alleged servant and remaining defendant. The verdict was expressed thus: "We the jury find for the plaintiff and fix his damages at $10,000 against the defendant, Florence *M.* Gable, trading as the California Oil Service."

The judge of the trial court, before the verdict was received, inquired of counsel representing both sides, "Is the form of the verdict satisfactory to you gentlemen?" There being no response the verdict was accepted by the court and the jury was discharged.

Counsel for the defendant, Mrs. Gable, moved to set the verdict aside. Counsel for the plaintiff moved that a judgment be entered against the co-defendant, Willard E. Jameson.

It is conceded in the case that Willard E. Jameson, the driver of the car, was guilty of negligence and that the plaintiff should recover against him. In the petition for the writ of error counsel for Mrs. Gable observe: "There is little question about the negligence of Willard E. Jameson, or the right of plaintiff to recover against him." In addition to this, the evidence established beyond doubt his negligence and the right of Bingler to recover against him.

After mature consideration the trial court overruled the motion of the defendant, Mrs. Gable, and entered judgment on the verdict against her. It sustained the motion of the plaintiff, Bingler, and entered judgment against Willard E. Jameson.

The main issue in this case is whether or not Willard E. Jameson was acting as the servant of Mrs. Gable at the time of the accident. Her counsel argued on this point that the evidence "is far from satisfactory. Every witness introduced was contradicted in some important particular." Upon our review of the case we are only interested in whether there was sufficient evidence of the existence of the relation of master and servant at the time to carry that issue to the jury.

█ E. C. Jameson, who was then the manager of the service station, testified that Willard E. Jameson was employed at the station at the time of the accident. Willard testified to the same effect. Both, however, had given prior statements that were in conflict with their sworn testimony. These contradictory statements were before the jury, admitted to test their credibility. Several other witnesses testified that Willard was an employee of the service station on the day of the accident. Mrs. Gable testified that he was her employee on weekends and for extra work when expressly employed by her, but on this occasion was not working for her. The testimony was in conflict, but when that offered by the plaintiff is considered we are forced to conclude that there was sufficient evidence to carry to the jury the

issue of whether or not Willard E. Jameson was an employee of Mrs. Gable at the time Bingler received his injuries.

Counsel for Mrs. Gable offered instruction E. It was in the following language: "The Court instructs you that if you believe from the evidence that Omohundro, the employee of the defendant, Florence R. Gable, had no authority from Florence R. Gable to employ assistants at the filling station, then the said Florence R. Gable cannot be held liable for the negligence of one whom Omohundro may have, by express request or implication, without the knowledge or consent of Mrs. Gable, secured to render services for a customer at the station."

The court amended the instruction by the addition of these words: "But if you believe that Willard E. Jameson took the gasoline from Omohundro or from the premises, with his consent, or with the consent of E. C. Jameson, to put it in the Ritchie car, in order to drive it to the station, then Willard E. Jameson was acting as agent for Mrs. Gable." Counsel did not accept the amendment and withdrew the instruction.

It was contended below and here that the instruction as offered should have been given. The theory of the defendant was that Willard E. Jameson was at the station but was not employed at the time; that if Omohundro, a regular employee but without authority to engage other employees, either expressly or impliedly directed Willard E. Jameson to take the gasoline to the Ritchie car, pour it into the tank and drive it into the station to be serviced, then Willard's negligent conduct could not be charged to Mrs. Gable.

■ ■ If the evidence had been limited to that single proposition, the instruction as offered might have been proper. However, the instruction leaves from consideration the evidence of several witnesses who testified that Willard was an employee of the service station that day. If Willard were an employee on that day and he carried the gasoline to the Ritchie car and negligently

drove it into the station, it makes no difference whether or not Omohundro or E. C. Jameson directed him to take the gasoline to the car. He may have taken it of his own volition. If he were engaged at the time as a filling station attendant for Mrs. Gable and performing the usual duties of one similarly employed, acting within the scope of his employment, as the plaintiff's evidence tends to show, Mrs. Gable would be liable for the injuries to Bingler negligently inflicted by Willard.

On the motion of counsel for Mrs. Gable the court gave instructions B, C, and D. All of them embraced the direction that, if Willard were not a servant or employee of Mrs. Gable at the time, then no verdict could be found against her. The jury were fully and fairly instructed on this point and the failure to grant instruction E as offered was not error.

Objection was made to this language used by counsel for Bingler in his closing argument: "Gentlemen of the jury, you give me the judgment and I'll guarantee it will not ruin Mrs. Gable; I'll guarantee it will not hurt Mrs. Gable."

E. C. Jameson, who had been the manager of the filling station, was discharged by Mrs. Gable after the accident. One Miller testified that E. C. Jameson had threatened to ruin Mrs. Gable. Counsel for Mrs. Gable in his argument to the jury said, "You have heard what Jameson told Mr. Miller about ruining Mrs. Gable and you now see him here attempting to carry out his threat. He said he would do everything he could to ruin her. I don't believe you gentlemen are going to let the Jamesons get away with it." It was in answer to this argument that counsel for the plaintiff stated to the jury in substance that Mrs. Gable would not be hurt by a verdict against her.

The court observed that the argument was improper and at its close the court gave counsel for Mrs. Gable an opportunity to move for a mistrial. Counsel stated that he would like to consider the matter until after lunch.

When court reconvened the court inquired of counsel if he desired to make a motion, to which counsel replied in the negative.

Under these circumstances the assignment founded on the improper argument of counsel for the plaintiff is without merit. Any objection to the argument was clearly waived.

When the jury returned its verdict it was silent as to the liability of Willard E. Jameson. The court immediately observed this defect in the verdict and as already indicated inquired of counsel, "Is the form of the verdict satisfactory to you gentlemen?" There being no response or objection the court received it and discharged the jury. The liability of Mrs. Gable was predicated upon the liability of Willard and there could be no finding against her without a finding against him. The uncontradicted evidence having disclosed beyond any doubt the liability of Willard, the court under §6251 of the Code entered judgment against him. He is not complaining here of this action of the court.

As seen, the verdict was in favor of the plaintiff and against Mrs. Gable. It was silent as to Willard Jameson. This was equivalent to a finding in his favor.

The court had clearly instructed the jury that, if the plaintiff's injuries were the result of Willard Jameson's negligence, then they should find a verdict against him. Just why the jury failed to heed this instruction we do not know. We do know, however, that the evidence shows beyond doubt that the plaintiff's injuries were inflicted by Willard through his negligence. In fact, he tells us so from his own testimony and no one speaks to the contrary. It may be that inasmuch as the contest centered around the pivotal point of agency, the conceded and proven fact of Willard's negligence was overlooked and through inadvertence the jury failed to find against him.

If there had been a conflict in the evidence as to the negligence of Willard, then the court, no doubt, would

have exercised its discretion, set aside the whole verdict, and awarded a new trial, because under Code, §6251, a verdict founded on conflicting evidence may not be set aside and final judgment entered against the verdict, as to do this would in effect deprive a litigant of a jury trial  He is entitled to have controverted issues passed upon by a jury  *Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 108 S. E. 15.  But here the sole controverted issue was the existence or non-existence of the relation of master and servant.  The parties have been accorded their respective rights to a jury trial on that issue.  On that controverted issue each was entitled one fair trial, but to one only.  Mrs. Gable was not entitled to two trials as she now claims.

The verdict in favor of Willard was not supported by any evidence.  For this reason the trial court set it aside as to him.  A verdict should never stand if it has no evidence to sustain it.  On the other hand, the finding against Mrs. Gable, the master, was supported by the evidence.  Naturally the court sustained the verdict as to her.

Willard E. Jameson's liability not being an issue but an uncontroverted established fact, and the jury, through inadvertence or otherwise, having failed to fix liability against him, the court was clearly within its powers when it pronounced judgment against him.  He was not entitled under the Constitution to the jury's decision because as observed in the *Forbes Case, supra,* ''if the litigant has offered no facts upon which a jury would be warranted in finding a verdict in his favor, then he has not presented a controversy * * * that entitles him to the jury trial guaranteed by the Constitution.''  The rights of such a litigant become a question of law.  They are removed from the realm of ''disputed facts.''

The action of the trial court is supported by late Virginia authority.

In *Standard Oil Co.* v. *Davis,* 157 Va. 709, 162 S. E.

29, Davis brought an action against the Standard Oil Company and one Roger A. Callis, alleging that Callis was an agent of the company and that through his negligence the plaintiff had been injured. The Standard Oil Company denied the agency and maintained that Callis was an independent contractor for whose negligence it was not responsible. The court submitted the issue of agency to a special jury. Specifically they were to determine whether or not Callis was an agent or an independent contractor, nothing else.

The evidence touching this issue was in conflict and upon it the jury found that Callis was an agent of the company. Another jury was then empaneled and the trial resulted in a verdict in favor of the plaintiff for $15,000 against the Standard Oil Company alone. The verdict being silent as to Callis, the agent, it was in effect a finding in his favor. The plaintiff moved for a judgment against Callis. The court granted the motion, and entered judgment against Callis, observing that the negligence of Callis was so clearly and conclusively shown "that not even a doubt can be entertained."

That case is similar in all material respects to the one at bar. The only difference is one of procedure. There a special jury determined in advance the single question of agency while here that question was submitted to the jury in the trial of the case on liability. This difference is not substantial and to no extent detracts from the case as controlling authority on the entry of the judgment against Jameson by the trial court in the present case.

In *Lough* v. *Price*, 161 Va. 811, 172 S. E. 269, we again approved the procedure of entering a judgment against the servant where the jury by their verdict have found liability only against the master, and the latter's liability is predicated alone upon the servant's negligence which has been established beyond doubt.

Code, §§6251, 6363, and 6365, were intended to secure speedy determination of litigation. Courts

should not hesitate to enter final judgments in cases where it is clear upon the facts that the ends of justice can be thereby attained. *Standard Dredging Co.* v. *Barnalla,* 158 Va. 367, 163 S. E. 367. Of course, final judgment should never be rendered, if to do so would result in an invasion of constitutional rights.

There is nothing in *Barnes* v. *Ashworth,* 154 Va. 218, 153 S. E. 711, which is adverse to our decision in the instant case. There Haywood, the plaintiff's decedent, was held guilty of contributory negligence as a matter of law and the plaintiff was consequently denied any recovery against Ballentine, the driver of the Barnes car. There being no right of recovery against the servant there was no liability on Barnes, the master. That was the substantial and determinative feature of the case. Other principles there discussed were not necessary to the decision. There was no consideration of Code, §6251.

It is perfectly apparent from the record that the able and experienced trial judge presided over the trial of this case with great consideration and care and that the litigants have been accorded a fair and impartial trial.

The judgment is affirmed.

*Affirmed.*

HOLT, J., dissenting.

As I see it, a new trial should have been ordered.

Almost the same state of facts appears in the case of *Ivanhoe Furnace Corp.* v. *Crowder's Adm'r,* 110 Va. 387, 66 S. E. 63, a suit against Ivanhoe Furnace Corporation and John Hocking, one of its foremen, to recover damages for Crowder's death through the sole negligence of the employee, it appearing that the Ivanhoe Furnace Corporation was guilty of no default or negligence except that imputed to it on account of the negligent act of its employee, Hocking. The jury rendered a verdict in language identical with that here: "We, the jury,

find for the plaintiff, and assess damages at $3,500.00 against the Ivanhoe Furnace Corporation.'' One motion of the Corporation was to set aside this verdict as to it as contrary to the law and evidence, and for misdirection by the court. The court overruled the motion and entered judgment against the Corporation, but on the following day, having fully considered the matter, set aside the judgment against the Corporation and in favor of Hocking. The Corporation moved in arrest of judgment and to enter judgment notwithstanding the verdict, but the court overruled these motions and then, on its own motion, set aside the verdict of the jury and awarded a new trial. Subsequently the plaintiff dismissed his suit as to the defendant Hocking and at a second trial a jury rendered a verdict against the Corporation upon which judgment was entered. The court held that ''a verdict having been rendered against the Ivanhoe Furnace Corporation, which was silent as to John Hocking, was equivalent to a verdict in his favor.'' Upon this precedent the verdict here must be considered equivalent to a verdict in favor of Jameson, although silent as to him.

In the case cited the court said:

''If the court had adhered to its original position *and entered judgment upon the verdict for $3,500*, which was first rendered by the jury, and the case in that situation had been brought before us upon the petition of the Ivanhoe Furnace Corporation, *McGinniss* v. *Chicago & Rock Island Ry. Co.*, 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. Rep. 667, and *Doremus* v. *Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, relied upon by plaintiff in error, would have been pertinent and entitled to very grave consideration; but the case before us differs materially from the cases cited. The *entire* verdict first rendered by the jury in favor of Hocking and against the Ivanhoe Furnace Corporation was set aside, and became as though it had never existed. Then, upon motion of the plaintiff, the suit

against Hocking was dismissed, and the case against the Ivanhoe Furnace Corporation stood upon the record as though it alone had been sued'' (italics supplied).

Here the court expressly overruled Gable's motion to set aside the verdict as to her and immediately thereafter, supposedly under the authority conferred by section 6251 of the Code of Virginia, entered judgment against her for the precise sum imposed upon her by the verdict; the effect of which order was to refuse to set aside the verdict since the court had no power to set aside a verdict and immediately enter judgment for the amount in the verdict. Therefore the case is as if the trial court had refused to set aside and had affirmed the verdict as to her and entered judgment against her, thus bringing before this court the question which the court in *Ivanhoe Furnace Corp.* v. *Crowder's Adm'r, supra,* said is ''entitled to very grave consideration.''

Section 6251 of the Code empowers the court to enter judgment ''when the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it,'' without granting a new trial. The verdict here in effect was not set aside as to Gable on any ground; the defendant Jameson did not move to set it aside. The plaintiff's motion, as stated in the record, was:

''Thereupon, counsel for said plaintiff moved the court to set aside the aforesaid verdict of the jury and to enter up judgment for said plaintiff against the co-defendant William E. Jameson as well as against Florence R. Gable, in her own right, and Florence R. Gable, trading as California Oil Service.''

The court has held in *Hogg* v. *Plant,* 145 Va. 175, 133 S. E. 759, 47 A. L. R. 308, that section 6251 of the Code has no application except where there has been a motion to set aside the verdict because it is contrary to the evidence, or without evidence to support it.

As Jameson is not complaining here of the judgment against him, the action of the court in that respect is

immaterial except as it affects the judgment against the defendant Gable, who complains that her motion to set aside the verdict has been overruled, and judgment entered against her.

Section 6251 of the Code cannot apply; the precise question presented to the court is whether a judgment against a master can be sustained in a suit jointly against master and servant when the verdict upon which a judgment is entered frees the servant of any culpability, although the only negligence of which the master is guilty is that which is imputed to her because of the servant's negligence. The trial court cannot sever a verdict, sustaining one part and entering judgment thereon against one defendant and setting aside the other. The verdict is an entirety; subsequent action by the trial court as to one defendant cannot give validity to the verdict against the other defendant which theretofore it lacked.

This anomalous situation is presented: The trial court expressly set aside the verdict against Gable as contrary to the law and the evidence, and immediately thereafter entered judgment against her for the self same amount, thus in effect reinstating the verdict, although supposedly under section 6251 of the Code, which does not authorize such action.

During the trial's progress, counsel for the plaintiff said:

"Gentlemen of the jury, you give me the judgment and I'll guarantee it will not ruin Mrs. Gable; I'll guarantee it will not hurt Mrs. Gable."

When that statement was first made, the court refused to sustain an objection made to it, holding that "I don't think it sufficient to prejudice the jury." Later the court offered to order a mistrial, but that offer was not accepted, and so this observation is not primarily the basis of an assignment of error. But it is entirely probable that the jury was influenced by the knowledge that a judgment would not have to be paid by Mrs. Gable but that an insurance company would have to bear

the burden. That the servant was not insured may in some measure account for his escape.

Campbell, C. J., concurs in this dissent.