## CIRCUIT COURT OF FAIRFAX COUNTY

Ruby G. Marrow

    v.

John Rogers and
Commonwealth of Virginia

### Case No. (Law) 83654

By JUDGE ROSEMARIE ANNUNZIATA

### March 28, 1990

This matter has been under advisement by the Court following a hearing on post-trial motions as further outlined below. Ruby G. Marrow, plaintiff, filed this action against John Rogers, M.D., and the Commonwealth of Virginia, defendants, to recover damages caused by the medical malpractice of Dr. Rogers and the Commonwealth as a result of the injuries she sustained on September 6, 1985, when she escaped from the Northern Virginia Mental Health Institute, hereinafter NVMHI, a state owned and operated facility.

The plaintiff, on the above-stated date, was struck by a vehicle and was hospitalized at Fairfax Hospital and then transferred to Western State Hospital.

The matter was heard by a jury, and a jury verdict in favor of the defendant, John Rogers, M.D., was rendered, and a jury verdict against the Commonwealth in the amount of $115,000.00 was awarded in favor of the plaintiff. Subsequently, counsel for defendants moved this Court to reduce plaintiff's award to $25,000.00 on the ground that the Commonwealth has a professional liability insurance policy with the maximum policy limit of $25,000.00.

In plaintiff's post-trial motions, she asks the Court to enter judgment in favor of plaintiff, notwithstanding the jury's verdict for defendant John Rogers on the ground that it is contrary to the evidence. Defendant's opposition to plaintiff's motion for judgment *non obstante veredicto* is predicated on his contention that he is immune from suit. Plaintiff also asks the Court to enter judgment notwithstanding the verdict against the Commonwealth for an amount greater than that awarded by the jury or, in the alternative, for a new trial.

In addressing the first issue before the Court, plaintiff contends that the statutory limitation on recovery imposed under the Virginia Tort Claim Act is an affirmative defense and that defendant's failure to plead it precludes its applicability. Plaintiff also argues that in her first suit filed in this matter, when defendant responded to her inquiry regarding the amount of coverage in effect, defendant (albeit erroneously) advised plaintiff its limit of liability was one million dollars. Plaintiff argues she relied on this representation to her prejudice and that, therefore, defendant waived any right it might have to invoke the statutory limitation on recovery. Plaintiff finally contends that Virginia's law prohibiting post-verdict amendments to the plaintiff's *ad damnum* precludes the reduction sought by defendant in this case, citing *Powell v. Sears Roebuck & Co.*, 231 Va. 464, 344 S.E.2d 916 (1986).

Defendant contends it is not required to plead the statutory limitation and that it is not bound by any representation as to coverage because it was not made by an authorized agent of the State.

Under Virginia law, it appears that a limitation on damages is to be distinguished from an affirmative defense. Analogous to the limitation on medical malpractice recoveries imposed by Virginia Code § 8.01-581.15, the

limitation imposed by § 8.01-195.3 of the Virginia Tort Claims Act "does nothing more than establish outer limits of a remedy provided by the General Assembly." *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 376 S.E.2d 525 (1989). *See also Taylor v. U.S.*, 821 F.2d 1428 (9th Cir. 1987). Given the mandatory language of the statute, the limitation on recovery is a matter of law which the Court is obligated to apply to the verdict in this case. *See Etheridge v. Medical Center Hospitals*, 237 Va. at 96-97, citing *Forbes & Co. v. South Cotton Oil Co.*, 130 Va. 245, 265-67, 108 S.E. 15, 22 (1921). The Supreme Court's decision in *Powell v. Sears* does not compel a different result.

Even accepting, *arguendo*, plaintiff's position that an affirmative pleading is required, it does not follow that the defendant cannot raise its defense, post-trial, in the absence of prejudice or surprise. *See Rivera v. Gerner*, 446 A.2d 508 (N.J. 1982). First, the plaintiff's entitlement to damages is a matter that can be and was put in issue by defendant's specific denial of plaintiff's claim for damages. *See* Answer, paragraph 6. Second, plaintiff has not been barred from litigating any factual or legal issues arising from the defense. Third, given the presence of two defendants in this case, the Commonwealth and one of its physicians, it is doubtful that the course of the trial and the presentation of evidence would have been substantially different had the Commonwealth raised its defense earlier.

Plaintiff's assertion that the Commonwealth is estopped from its earlier representation that it enjoyed coverage in the amount of one million dollars is unavailing in light of the absence of authority for the representation made. *County of York v. King's Villa*, 226 Va. 447, 309 S.E.2d 332 (1983); *Bristol v. Dominion National Bank*, 153 Va. 71, 83, 149 S.E. 632, 636 (1929) ("[t]hose who deal with public officials must at their peril take cognizance of their power and its limits.") Accordingly, since the evidence addressed post-trial establishes that the Commonwealth's coverage is limited to $25,000, the verdict must be reduced to that amount, as a matter of law.

The second issue before the Court is whether defendant John Rogers should be held liable for any acts of negligence proved in this case or whether he is entitled to sovereign immunity. In *Gargiulo v. Ohar*, 239 Va. 209 (1990), the

most recent case in which the Virginia Supreme Court addressed the issue of a state-employed physician's liability, the Court reaffirmed the four-part test set forth in *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980), and which is to be applied in the Court's determination of the issues here:

> Under such circumstances, we examine the function [the] employee was performing and the extent of the state's interest and involvement in that function. Whether the act performed involves the use of judgment and discretion is a consideration, but it is not always determinative . . . . Of equal importance is the degree of control and direction exercised by the state over the employee whose negligence is involved.

221 Va. at 53, 282 S.E.2d at 869.

An examination of the first prong of the *James* test, the function defendant Rogers was performing, reveals that although Rogers is an employee of the State of Virginia serving in a state institution for psychiatric patients, his relationship with the plaintiff was that of physician-patient. As noted in *James*, "At the point when the physician agrees to treat . . . a certain patient, although his employment by [the state] makes possible the arrangement, the relationship becomes the personal and confidential one of doctor and patient, not the Commonwealth of Virginia and patient. The physician owes his best professional efforts on behalf of the patient, and the patient expects, and has a right to expect, the same care and attention from the physician that he would receive if he were in a private hospital and the physician in private practice." *Id.* at 50.

With respect to the third prong of the *James* test, while it is clear that Rogers could exercise broad discretion in choosing and applying treatment practices and methodology by which to care for patients, as did the physicians in *James*, the final decisions regarding diagnosis and treatment were his. *See, James* at 40.

Finally, the second and fourth prongs of the *James* test are satisfied here. With respect to the degree of professional autonomy enjoyed by the defendant physician,

the evidence in this case supports the conclusion that Dr. Rogers's function in the institution more closely resembles, not that of the defendants in *Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973), or *Gargiulo*, but that of the defendant physicians in *James*. There is no evidence that Dr. Rogers' treatment of plaintiff was controlled by "state-established rules," "state prescribed methods," or "state standardized procedures." *See Gargiulo* at 215. Nor, does the evidence show he was supervised by or subject to the command of superiors employed by the state. *Id*. at 214.

While the evidence does not show that Rogers's patients had the "right to request and receive the care of a particular attending physician" or that defendant Rogers had the "privilege to select patients" or that he could compromise or forgive bills for fees or that he benefits from any fees collected, as was the case in *James, id*. at 47-49, in my opinion, the absence of control over the professional conduct of this defendant is a fact more determinative of the issue of immunity. Absent such control, the responsibility for the failure to use reasonable care in the treatment of his patients lies solely with the defendant physician. As noted by the Court in *James*, "a failure to use [reasonable] care in the treatment of patients is a violation [of the physician's] duty to the patient and a departure from a condition of their employment. A physician who fails to use reasonable care in the treatment of a patient acts at his own risk and is not entitled to invoke the doctrine of sovereign immunity." *Id*. at 55.

Finally, the state's interest and the state's involvement in the attending physician's treatment of a specific patient, such as the plaintiff in this case, are slight.

The final issue before the Court is plaintiff's motion to set aside the jury's verdict in favor of defendant John Rogers. The power conferred on the trial judge to set aside a jury verdict and enter judgment on that verdict can only be exercised where the verdict is plainly wrong or without credible evidence to support it. § 8.01-340, Code of Virginia (1984 Repl. Vol.); *Lee v. Scott*, 220 Va. 578, 260 S.E.2d 238 (1979), *cert. denied*, 446 U.S. 986 (1980). Under Virginia law, the trial court may enter final judgment after setting aside the verdict, rather

than granting a new trial, if there is sufficient evidence to enable the court to decide the case. § 8.01-430, Code of Virginia (1954 Repl. Vol.); *Sampson v. Sampson*, 221 Va. 896, 275 S.E.2d 597 (1981). In addressing a motion for judgment n.o.v., the court should not determine the credibility of witnesses nor generally weigh the evidence. Rather, the court should only determine whether there was sufficient evidence for the matter to have gone to the jury in the first instance. The question to be resolved in deciding a motion for judgment notwithstanding the verdict is whether there is evidence upon which a jury can properly find a verdict. Its only office is to test the sufficiency of the evidence. *Flowers v. Virginian Ry.*, 135 Va. 367, 116 S.E. 672 (1923); *Hoover v. J. P. Neff & Son*, 183 Va. 56, 31 S.E.2d 265 (1944).

Tested by the principles governing a motion for judgment notwithstanding the verdict, I find the evidence is not sufficient to defeat the motion. Evidence in support of the verdict in favor of defendant Rogers was presented through the testimony of Dr. Leslie Gordon Kirschner. His testimony on the issue of whether defendant Rogers breached the standard of care was inconclusive and ambiguous. Since there is no other evidence upon which the verdict in his favor can properly be based, the verdict in favor of the defendant, John Rogers, M.D., shall be set aside.

Plaintiff also asks the Court in accordance with Section 8.01-340 to enter final judgment in favor of the plaintiff. However, where there is insufficient evidence before the trial court to enable it to decide the case, a new trial should be granted. § 8.01-340; *Burks' Pleading and Practice*, 615 (4th Ed. 1952); *Gable v. Bingler*, 177 Va. 641, 15 S.E.2d 33 (1941).

Accordingly, the Commonwealth of Virginia's motion to reduce the award for damages to the maximum professional liability insurance limit of $25,000 is granted. The defendant Rogers's motion to enter judgment in his favor on the ground he is immune from suit is denied. Plaintiff's motion to set aside the jury's verdict in favor of defendant Rogers is granted, and her motion to enter judgment notwithstanding the jury's verdict for defendant Rogers is denied and a new trial is granted. Plaintiff's motion to enter judgment notwithstanding the verdict against the Common-

wealth for an amount greater than that awarded by the jury or, in the alternative, for a new trial, is denied.

September 10, 1990

The matter before the Court is defendant John Rogers's Motion to Reconsider the March 28, 1990, ruling of the Court that the verdict in favor of defendant be set aside. I have considered the relevant law, the transcripts of the experts' trial testimony, the arguments of counsel, the defendant's memorandum of law and conclude that the decision to set aside the verdict should stand. Defendant's Motion for Reconsideration is therefore denied. However, I have reconsidered the ruling granting plaintiff a new trial, and I have concluded that judgment should be entered in favor of plaintiff, pursuant to Va. Code § 8.01-430. The reasons for these decisions follow below.

By statute in Virginia, the standard of care to be applied in cases involving medical malpractice must be established by expert testimony. *Raines v. Lutz*, 231 Va. 110 (1986). In this case, three expert witnesses addressed the issue of the applicable standard of care. Dr. Edwin Carter, a psychologist retained by the plaintiff, testified that Dr. Rogers violated the standard of care in this case by (1) failing to gather sufficient factual data regarding plaintiff's behavior during her elopements from the Northern Virginia Mental Health Institute, particularly during the elopements that immediately preceded the one which gave rise to the incident at issue; *see, e.g.,* Tr. August 23, 1989, page 99, lines 2-23; page 98, lines 1-22, and (2) failing to keep the plaintiff under proper restraint in light of her repeated elopements and attempts to harm herself; *see, e.g.,* Tr. August 23, 1989, page 86, lines 3-23; page 87, lines 1-23; page 90, lines 21-23; page 91, lines 1-6. Plaintiff's expert, Dr. W. S. Jennings, IV, likewise testified that defendant John Rogers breached the applicable standard of care by failing to "expeditiously provide treatment and the most secure environment" for the plaintiff on the morning of the incident in question. Tr. August 29, 1989, 114-115.

The plaintiff's evidence establishing Dr. Rogers's breach of the standard of care remained virtually unrebutted. While defense expert, Dr. Leslie Gordon Kirschner,

testified that Dr. Rogers's treatment of plaintiff met the applicable standard of care, he failed to consider certain conduct engaged in by the plaintiff prior to her final elopement. Dr. Kirschner based his opinion on the fact that Dr. Rogers had reason for "not believing that Ms. Marrow at the time that she was leaving had any specific suicide intent." Tr. August 30, 1990, page 48, lines 2-7; page 56, lines 10-21. However, under cross-examination, he acknowledged he was unaware of and, therefore, did not factor in evidence of plaintiff's suicidal intent and conduct while she was in the hospital. Tr. August 30, 1990, page 56, lines 22-23; page 57, lines 1-22; page 63, lines 4-23. Dr. Kirschner agreed that the facts he failed to consider altered the basis for his opinion that defendant had met the requisite standard of care. Tr. August 30, 1990, page 56, lines 22-23; page 57, lines 1-22; page 62, lines 14-23; page 63, lines 1-23; page 64, lines 1-4; page 65, lines 9-15.

In my opinion, Dr. Kirschner's omission of factors material to the formulation of an appropriate treatment plan for the plaintiff renders his opinion unreliable and without probative effect on the issue of Dr. Rogers's breach of the standard of care. *See, Swiney v. Oraby,* 237 Va. 231, 233-234 (1989); *Mary Washington Hospital v. Gibson,* 228 Va. 95, 99-100 (1984); *In re "Agent Orange" Product Liability Litigation,* 611 F. Supp. 1223, 1248-1255 (E.D. N.Y. 1985) (failure to consider critical information rendered conclusion of experts insufficient); *Gilbert v. Gulf Oil Corporation,* 175 F.2d 705, 709 (4th Cir. 1949). Whether an expert's opinion has an adequate basis and whether without it an evidentiary burden has been met (in this case the burden of going forward with the evidence that the standard of care had not been breached) are matters of law for the Court to decide. *Richardson By Richardson v. Richardson-Merrell, Inc.,* 857 F.2d 823 (D.C. Cir. 1988); *In Re Air Crash Disaster at New Orleans,* 795 F.2d 1230 (5th Cir. 1986); *see Bulala v. Boyd,* 239 Va. 281, 233 (1990). In the absence of reliable expert testimony countering plaintiff's evidence that defendant breached the standard of care, the jury verdict in favor of defendant John Rogers must be deemed contrary to the evidence and without sufficient evidence to sustain it and, therefore, must be set aside.

Section 8.01-430, Virginia Code (1950 and Supp. 1990), provides that when the jury's verdict is set aside by the trial court on the ground that it is contrary to the evidence, or without evidence to support it, final judgment shall be entered by the trial court if there is sufficient evidence before the court to enable it to decide the case upon the merits. Here, the evidence as to defendant Rogers's liability was fully developed and established by plaintiff's experts, as was the evidence regarding damages. Therefore, final judgment may be entered. *See Branning Mfg. Co. v. Norfolk Southern Railway Co.*, 138 Va. 43 (1924).

Evidence of the damages sustained by Ms. Marrow included out-of-pocket medical expenses incurred at Fairfax Hospital and Western State, evidence of the future medical costs she expected to incur, future costs for rehabilitation services, physical therapy, and medication, damages incurred as a result of her permanent disability and her future lost income, and damages incurred for disfigurement, deformity, inconvenience, pain, and suffering. In reviewing the evidence in support of Ms. Marrow's claim for damages and the evidence regarding her expected life span, I am of the opinion that final judgment in the amount of $180,000 in favor of Ms. Marrow should be entered.