## CIRCUIT COURT OF FAIRFAX COUNTY

William Reid Thompson

v.

William B. Moffitt et al.

### Case No. (Law) 102476

### July 31, 1992

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court on the various post-trial motions of the Plaintiff and the Defendants, Lisa B. Kemler, Esq., and William B. Moffitt & Associates, seeking *inter alia* that the Court set aside the verdict of the jury rendered in this action. I have carefully reviewed the motions, briefs, and arguments of counsel, as well as the applicable authority, and for the reasons set forth below, the Court finds that the verdict of the jury must be set aside and the case returned to the docket for retrial.

Plaintiff brought this legal malpractice action against his former attorneys, asserting joint and several liability, for allegedly negligently failing to properly perfect an appeal to this Court from a decision of the Police Retirement Board. This case was tried to the jury on July 7 through 10, 1992, at the conclusion of which the jury rendered a verdict in favor of the Plaintiff against the Defendants, William B. Moffitt, Lisa B. Kemler, and William B. Moffitt & Associates, and assessed damages at $16,256.47, plus interest. The jury found in favor of the Defendants, Dale E. Sanders, Esq., and Sanders, O'Donnell & Smith.

As an initial matter, I incorporate herein all the findings and rulings made from the bench during the trial of this matter. Prior to submitting the case to the jury, the Court, after due consideration of Defendant William B. Moffitt's motion to strike, reserved ruling on the motion until the jury had returned a verdict. The Court finds that no evidence was presented to establish any negligence on the part of William B. Moffitt individually and that as a matter of law defendant's motion to

strike must be granted. Accordingly, Defendant William B. Moffitt, individually, is removed as a Defendant from any future proceeding in this case.

The verdict of the jury is so contradictory to and inconsistent with the evidence and the instructions of the Court so as to indicate that the jury either misunderstood or misconstrued the facts and the law or acted capriciously and arbitrarily. The jury could have found that the Plaintiff did not sustain any damages, either by believing that the underlying appeal was without merit or that the particular defendants had not acted negligently or breached their respective duty of care. However, the jury found that the Plaintiff had been damaged, and accordingly, the jury should have rendered a verdict against the attorney of record on the critical date that the statute of limitations expired. Instead, they found negligence on the part of the Moffitt defendants and Lisa B. Kemler and did not render a verdict against the Sanders defendants.

The Court has considered all the evidence and is satisfied that there was no evidence to support the verdict against William B. Moffitt, Esq., and that the verdict is contrary to the evidence in that it returned a verdict against the remaining Moffitt defendants and failed to find that there was, at least, concurring negligence on the part of the Sanders defendants. *T. M. Graves Constr., Inc. v. National Cellulose Corp.*, 226 Va. 164, 306 S.E.2d 898 (1983). Therefore, this Court must set aside the jury's verdict and return the case to the active docket for retrial as to all parties except William B. Moffitt, Esq., individually.

October 6, 1992

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the court is plaintiff's motion to reinstate the jury verdict in this case, to vacate the Court's order for a new trial, and to enter final judgment pursuant to Va. Code § 8.01–430. Plaintiff brought this legal malpractice action against his former attorneys, asserting joint and several liability, for negligently failing to properly perfect an appeal to this court from a decision of the Police Retirement Board. The case was tried to the jury on July 7 through 10, 1992, at the conclusion of which the jury rendered a verdict in favor of the plaintiff against the defendants, William B. Moffitt, Lisa B. Kemler, and William B. Moffitt & Associates, and assessed damages at $16,256.47, plus

interest. The jury found in favor of the defendants, Dale E. Sanders, Esq., and Sanders, O'Donnell & Smith.

The verdict in question was set aside and a new trial was ordered by the trial judge, the Honorable Johanna L. Fitzpatrick, immediately prior to her investiture as a member of the Virginia Court of Appeals. Thus, as Judge Fitzpatrick was unavailable to hear and decide this matter, a "successor judge" was required to address the motions. For the reasons stated below, the motions are denied.

Whether a "successor judge" has the authority to vacate a judgment entered by her predecessor is a matter of some conflict among the courts which have addressed the issue. *See e.g.*, 46 Am. Jur. 2d, *Judges*, § 32 *et seq.* at 117 (1969); 11 A.L.R.2d *Judges-Judgments of Predecessors*, §§ 2, 3 at 1118–19 (1950). While such action is not generally considered barred, the role of the successor judge is seen as involving the exercise of judicial discretion, cabined by clear standards and restraints. *California League of Independent Ins. Producers v. Aetna Casualty & Surety Co.*, 175 F. Supp. 857, 859 (N.D. Cal. 1959); 11 A.L.R. 2d, *supra.*

While the Virginia statute relating to the powers to be exercised by judges of this state does not explicitly provide that a successor judge may properly vacate the order of her predecessor, it implicitly leaves the matter to the discretion of the successor judge.[1]

Few state courts have addressed the standards which are to govern the exercise of discretion in such cases. Rather, the standards have been developed primarily by the federal courts. *See generally*, 20 A.L.R. Fed., *Power of Judge to Overrule Order*, § 5(c) at 39 (1974); 11 A.L.R. 2d, *supra.*

The bases commonly identified as underlying an order vacating that of a predecessor judge can be summarized as follows.

(1) Special circumstances exist which warrant vacating the predecessor order, such as where the judgment is obtained by fraud or mistake. *Lawyers Co-op Pub. Co. v. Williams*, 5 So. 2d 871, 872 (Fla. 1942); *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718 (3rd Cir. 1988).

---

[1] Va. Code § 17–116.4 provides the following, "[Another] judge may hear portions of a case where a judge is required to disqualify himself, in cases in which a mistrial is declared, or in cases which have been reversed on appeal, or in the event of sickness, disability or vacation of the judge."

(2) The circumstances of the case have changed, such as new evidence has come into existence or a new theory of law is advanced or a rule of law has changed which would compel a different result. 20 A.L.R. Fed. 18, § 2(a); *see e.g., Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin,* 749 F. Supp. 913, 915 (W.D. Wisc. 1990).

(3) Patent error in the predecessor decision is identified. 20 A.L.R. Fed. 82, § 15; *see also, German v. Universal Oil Products Co.,* 77 F.2d 70, 74 (8th Cir. 1935).

(4) The predecessor decision was judicial and not administrative, the latter more likely to be viewed as permitting reconsideration. 20 A.L.R. Fed. 18, § 2(a).

(5) The predecessor ruling is merely interlocutory and not final and thus more properly reconsidered. 20 A.L.R. Fed. 70, § 10; *see e.g., Sypert v. Bendix Aviation Corp.,* 172 F. Supp. 480, 484 (N.D. Ill. 1958).

(6) Appellate review is not available, making the need for review more compelling. 20 A.L.R. Fed. 72–73, § 11; *see e.g., Plymouth Rubber Co. v. Minnesota Mining & Mfg. Co.,* 203 F. Supp. 595, 596–97 (D. Mass. 1962).

(7) Unnecessary proceedings may be avoided by the successor judge's reconsideration of the prior decision. 20 A.L.R. Fed. 76, § 12; *see e.g., Goldstein v. Doft,* 236 F. Supp. 730, 731 (S.D. N.Y. 1964), aff'd on other grounds 353 F.2d 484, cert. den. 385 U.S. 960.

Implicit in the purposes of the rule that successor judges should act with restraint when asked to reconsider a prior judge's rulings is the need to ensure the orderly conduct of an action and the orderly administration of justice by avoiding confusion, inconsistencies, and judge-shopping. The rule's purpose also encompasses the need to prevent protracted litigation and to ensure finality. *Potts v. Village of Haverstraw,* 93 F.2d 506, 509 (2d Cir. 1937); *TCF Film Corp. v. Gourley,* 240 F.2d 711, 713–14 (3d Cir. 1957); *United States v. Parker,* 23 F. Supp. 880, 889 (D. N.J. 1938); *United States v. First Nat. Bank & Trust Co.,* 263 F. Supp. 268, 270 (E.D. Ky. 1967); *Plattner Implement Co. v. International Harvester Co.,* 133 F. 376, 378–79 (8th Cir. 1904).

In the present case, no grounds exist which warrant granting plaintiff's motion to vacate the judgment of my predecessor and to reinstate the verdict. While, concededly, the ruling is interlocutory and appeal is not available until the conclusion of a second trial, these

grounds alone, in the absence of other more compelling grounds are insufficient to grant plaintiff's motion. *See* 20 A.L.R. Fed. *passim.* I note, specifically, that there are no special circumstances such as fraud or mistake warranting reconsideration; nor do new facts or evidence exist. The theory of law upon which the parties are proceeding is likewise the same.

Furthermore, having reviewed the verdict, the pleadings, the exhibits, the instructions of law given to the jury, and the memoranda of law and oral arguments submitted by counsel at various stages of the proceedings referencing the evidence in this case, particularly the evidence relating to defendant, William B. Moffitt, Esq., individually, and to defendants, Dale E. Sanders, Esq., and Sanders, O'Donnell & Smith, I can find no patent error in the decision to set aside the jury's verdict. Indeed, based on that review, I adopt the reasoning of my predecessor and likewise conclude that "[t]he verdict of the jury is so contradictory to and inconsistent with the evidence and the instructions of the court so as to indicate that the jury either misunderstood or misconstrued the facts and the law or acted capriciously and arbitrarily." Letter opinion, July 31, 1992, Judge Johanna L. Fitzpatrick.

Implicit in Judge Fitzpatrick's decision to grant a new trial is her denial of plaintiff's motion for entry of judgment in his favor pursuant to Va. Code § 8.01-430. Plaintiff's motion to reconsider the granting of a new trial and the denial of his motion for entry of final judgment is likewise denied for the reasons stated above and in further consideration of the case law applicable to this specific issue. Specifically, no patent error of law can be identified in this decision.

The statute upon which plaintiff relies does not apply in cases where the evidence does not clearly support judgment. *Standard Dredging Co. v. Barnalla,* 158 Va. 367, 373–374 (1932) ("Section 6251 [the predecessor statute to § 8.01–430] unquestionably empowers the court, when the evidence is clear, to render final judgment upon setting aside the verdict, but if there is a conflict on a material point, or if reasonably fair-minded men may differ as to the conclusions of fact to be drawn from the evidence, then a question of fact is presented and the safe rule to follow is to submit the matter to the determination of [another] jury."); *W. S. Forbes & Co. v. So. Cotton Oil Co.,* 130 Va. 245, 273–274 (1921) (Having properly set aside the verdict as contrary to the evidence, the court's power to enter final judgment does not involve "the determination of any question of fact but is simply the

conclusion of law upon the facts as they appear . . . [It is] not the power to determine any disputed fact in a controversy touching property or a suit between man and man and is not forbidden by the Constitution of this State."); *see also, Apperson-Lee Motor Co. v. Ring,* 150 Va. 283, 289 (1928) (final judgment on damages entered where the evidence was not conflicting); *Gable v. Bingler,* 177 Va. 641, 651 (1941); *Burch v. Grace St. Bldg. Corp.,* 168 Va. 329, 343–44 (1931) (Judgment for defendant entered as a matter of law, based on admissions of plaintiff). Here, the evidence, which on some issues is in dispute and on others is non-existent or insufficient and sometimes clouded by references that Judge Fitzpatrick had ruled improper, does not appear to clearly support the entry of judgment in favor of plaintiff as a matter of law and is better left to the determination of another jury.

Finally, plaintiff's argument that Judge Fitzpatrick could not properly set aside the verdict in light of the finding instruction given to the jury and framed by her without objection, is without merit. The court is not limited in its power to set aside a verdict by the jury instructions it gives in the case. *Smith v. Combined Insurance Company,* 202 Va. 758, 762 (1961).